**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**YONG XIONG HE,**

                             **Plaintiff,**             **ECF CASE**

            **- versus -**                 **No. 1:19-cv-05907-PKC-CLP**

**CHINA NEW STAR RESTAURANT, INC.,**
**WAI SHUN CHAN (a/k/a/ Vincent Chan),**
**WAI LEUNG CHAN, and**
**WAI WEN CHAN (a/k/a Daniel Chan),**

                         **Defendants.**  **:**
-------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR AN ORDER TO ATTACH, SET ASIDE AND ENJOIN CERTAIN PROPERTIES AND PROPERTY TRANSFERS OF DEFENDANTS, GRANTING LEAVE TO FILE A SUPPLEMENTAL COMPLAINT, REQUIRING DISCLOSURE OF PROPERTIES AND DEBTS OF DEFENDANTS, AND OTHER RELIEF**

Michael L. Winston (MW 2607)
James Reif (JR 2974)
Jessica Harris (JH 3134)
GLADSTEIN, REIF & MEGINNISS, LLP
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
mwinston@grmny.com
jrief@grmny.com
jharris@grmny.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS .......................................................................................2

    A.    Complaint and Answer ..............................................................2

    B.    The Fraudulent Transfers ............................................................3

ARGUMENT .......................................................................................................7

    I.    THE COURT SHOULD ISSUE AN ATTACHMENT ORDER ...........................7

        A.    Attachment Is Warranted Because Defendants Have Disposed of Significant Assets with Fraudulent Intent During the Course of this Litigation...........................................................................8

        B.    Plaintiff Has Satisfied the Other Elements for Obtaining an Attachment Order Under CPLR Section 6201(3)....................................10

            1.    Plaintiff Has Stated a Claim That Will Likely Succeed on the Merits ....................................................................10

                a.    FLSA Enterprise and Individual Coverage.......................11

                b.    Defendants Were Plaintiff's Employers.............................11

                c.    Federal and State Wage and Hour Claims .........................13

                d.    Claims for Notice and Wage Statements ...........................15

            2.    Defendants Did Not Bring Any Counterclaims Against Plaintiff ....................................................................15

    II.    AN ORDER UNDER THE DCL SHOULD ISSUE RESTRAINING DEFENDANTS FROM DISPOSING OF THE PROPERTIES AND SETTING ASIDE THE CONVEYANCES AND ASSIGNMENTS. ...................16

    III.    PLAINTIFF'S REQUEST TO FILE A SUPPLEMENTAL COMPLAINT AND FOR A TRO AND PRELIMINARY INJUNCTION SHOULD BE GRANTED ..........................................................................18

        A.    Leave to File a Supplemental Complaint Should be Granted...................19

      B.     Plaintiff Satisfies the Requirements for a TRO and Preliminary Injunction ................................................................................................20

            1.     Plaintiff Will Likely Succeed on the Merits ..................................21

            2.     Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief.................................................................................................21

            3.     The Balance of Hardships and the Public Interest Favor Plaintiff ...........................................................................................22

            4.     *Grupo Mexicano* Does Not Prevent This Court From Issuing the Requested TRO and Preliminary Injunction ..............22

  IV.     AN ORDER REQUIRING DISCLOSURE OF ASSETS IS WARRANTED......24

CONCLUSION................................................................................................................25

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Abdul Wali v. Coughlin*, 754 F.2d 1015 (2d Cir. 1985)..................................................21

*Albany Sav. Bank, FSB v. All Advantages Limo. Serv., Inc.*, 154 A.D.2d 759
    (3d Dept 1989) ...................................................................................................10

*Allstate Ins. Co. v. TMR Medicbill Inc.*, No. 00-cv-0002, 2000 WL 34011895,
    (E.D.N.Y. July 13, 2000) ......................................................................................9

*Anderson v. Mt. Clemens Pottery Co*, 328 U.S. 680 (1946) .........................................14

*Arzu v. Arzu*, 190 A.D.2d 87 (1st Dept 1993)..............................................................7

*Bank of Leumi Trust Co. v. Istim. Inc.,* 892 F. Supp. 478 (S.D.N.Y. 1995) ...................7

*Bass v. Richardson*, 338 F. Supp. 478 (S.D.N.Y. 1971)..............................................24

*Bedasie v. Mr. Z. Towing*, 13-CV-5453, 2017 WL 1135727 (E.D.N.Y. Mar. 24, 2017) .............14

*Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887 (2d Cir. 2015) ....................21

*BigStar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185 (S.D.N.Y. 2000).......................21

*Blue Giant Equip. Corp. v. Tec-Ser, Inc.*, 92 A.D.2d 630 (3d  Dept. 1983)....................9

*Bornholdt v. Brady*, 869 F.2d 57 (2d Cir. 1989)..........................................................19

*Cablevision v. Annasonic Electronic Supply*, No. CV-83-5159, 1984 WL 254933
    (E.D.N.Y. Feb. 10, 1984)....................................................................................18

*Cadle Co. v. Newhouse*, 74 F. App'x 152 (2d Cir. 2003).............................................17

*CF 135 Flat LLC v. Triadou SPV N.A.*, No. 15-CV-5345, 2016 WL 5945912
    (S.D.N.Y. June 24, 2016) .....................................................................................8

*City of New York v. Citisource, Inc.*, 679 F. Supp. 393 (S.D.N.Y. 1988)........................7, 8, 9, 11

*Coley v. Vannguard Urban Improvement Assoc., Inc.*, 12-CV-5565, 2016 WL
    7217641 (E.D.N.Y. Dec. 13, 2016) ............................................................. *passim*

*Davila Pena v. Morgan*, 149 F. Supp. 2d 91 (S.D.N.Y. 2001).......................................7

*De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212 (1945) ..........................23

*Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940) ......................................................23

*DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308 (E.D.N.Y. 2009) ................23, 24

*Dong v. Miller*, No. 16-CV-5836 (NGG) (JO), 2018 WL 1445573 (E.D.N.Y.
    Mar. 23, 2018) .......................................................................................................................23

*Echo Design Grp. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963 (S.D.N.Y. 2003) ........................21

*Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1146 (S.D.N.Y. 1990) ..................22

*F.T. Int'l, Ltd. v. Mason*, No. CIV.A. 00-5004, 2000 WL 1514881 (E.D. Pa.
    Oct. 11, 2000) .......................................................................................................................23

*Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. CV 2012-1264,  2014 WL
    1310296 (E.D.N.Y. Mar. 11, 2014) ......................................................................................11

*Greuner Med. of NJ PC v. Brown*, No. 17-cv-4569 (AMD) (PKC), 2017 WL
    3841856 (E.D.N.Y. Sept. 1, 2017) ........................................................................................23

*Grupo Mexicano de Desarollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) .........22, 24

*Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014) ................................................22

*HBE Leasing Corp. v. Frank*, 61 F.3d 1054 (2d Cir. 1995) ........................................................18

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ...................................................13

*Home It, Inc. v. Wen*, No. 19CV7070 (MKB) (VMS), 2020 WL 353098
    (E.D.N.Y. Jan. 21, 2020) ......................................................................................................24

*Iantosca v. Step Plan Servs., Inc.*, 604 F.3d 24 (1st Cir. 2010) .............................................23, 24

*In re Borriello*, 329 B.R. 367 (Bankr. E.D.N.Y. 2005) ...............................................................17

*In re Focus Media Inc.*, 387 F.3d 1077 (9th Cir. 2004) ...............................................................23

*In re Kaiser*, 722 F.2d 1574 (2d Cir.1983) .................................................................................8

*In re Manshul Constr. Corp.*, No. 99-cv-2825, 2000 WL 1228866
    (S.D.N.Y. Aug. 30, 2000) .....................................................................................................16

*In re Wonderwork, Inc.*, 611 B.R. 169 (Bankr. S.D.N.Y. 2020) .................................................17

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ..................................................................13

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*,
   306 F. Supp. 2d 482 (S.D.N.Y. 2004) ....................................................................16

*Klass Report, L.L.C., v. Telemation, Inc.*, No. 98-cv-9181, 2000 WL 1871741
   (S.D.N.Y. Dec. 21, 2000) ........................................................................................19

*Marine Midland v. Murkoff*, 120 A.D.2d 122 (2d Dept. 1986) ........................................9

*MFS/Sun Life Tr.-High Yield Series v. Van Dusen Airport Servs. Co.*, 910 F.
   Supp. 913 (S.D.N.Y. 1995)......................................................................................17

*Mishkin v. Kenney & Branisel*, Inc., 609 F. Supp. 1254 (S.D.N.Y. 1985) ....................10

*N.Y. Dist. Council of Carpenters Pension Fund v. KW Constr., Inc.*,
   No. 07-cv-8008, 2008 WL 2115225 (S.D.N.Y. May 16, 2008) ........................8, 9, 10, 18

*OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 305 F. Supp. 2d 340 (S.D.N.Y. 2004) ....................16

*Paradigm BioDevices, Inc., v. Centinel Spine, Inc.*, No. 11-cv-3489 (JMF), 2013
   WL 1915330 (S.D.N.Y. May 9, 2013) ..............................................................23, 24

*Paulino Uto v. Job Site Servs., Inc.*, No. CV-10-0529 (SJF) (ETB), 2010 WL
   11632756 (E.D.N.Y. Dec. 14, 2010) .......................................................................14

*Richardson Greenshields Secs., Inc. v. Mui-Hin Lau*, 651 F. Supp. 929
   (S.D.N.Y. 1986)..........................................................................................................9

*Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. 2011)..............11

*RTC Mortg. Tr. 1995-S/N1 v. Sopher*, 171 F. Supp. 2d 192 (S.D.N.Y. 2001) ..............18

*Scola v. Morgan*, 66 A.D.2d 228 (1st Dept. 1979) ........................................................18

*Serio v. Black, Davis & Shue Agency, Inc.*, No. 05-cv-15 (MHD), 2005 WL
   3642217 (S.D.N.Y. Dec. 30, 2005) .........................................................................24

*Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328 (2d Cir. 1995).......................................21

*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008) ..............14

*Trafalgar Power, Inc. v. Aetna Life Ins.* Co., 131 F. Supp. 2d 341 (N.D.N.Y 2001)........16, 22, 23

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016) ............................................14

*United States v. Hansel*, 999 F. Supp. 694 (N.D.N.Y. 1998) ........................................20

*United States v. Mazzeo*, 306 F. Supp. 2d 294 (E.D.N.Y. 2004)...........................................8, 9, 18

*United States v. Mazzeo*, No. 98-CV-3060, 2001 WL 393671 (E.D.N.Y. Jan. 10, 2001)...................................................................................................................19

*U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489 (4th Cir. 1999) ................................23, 24

*U.S. Fidelity & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915 (E.D.N.Y. 1999).......................................................................................................9

*Uto v. Job Site Servs. Inc*., 269 F.R.D. 209 (E.D.N.Y. 2010)........................................................14

*Valdez v. H & S Rest. Operations, Inc.*, No. 14-cv-4701, 2016 WL 3079028 (E.D.N.Y. Mar. 29, 2016) ............................................................................................13

*Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608 (6th Cir. 2013)...............................................23

*Wimbledon Fund, SPC Class TT v. Graybox*, LLC, 648 F. App'x 701 (9th Cir. 2016) ...............23

*Yuan Bo Lai v. Pu Ti Buddhist Ass'n*, 2020 NY Slip Op 31509(U), 2020 N.Y. Misc. LEXIS 2243 (N.Y. Sup. Ct., Kings Cnty. May 20, 2020). .........................................16

## **Statutes**

29 U.S.C. §§ 201, et seq................................................................................................................1

29 U.S.C. § 203(d) ......................................................................................................................11

29 U.S.C. § 203(g) ......................................................................................................................11

29 U.S.C. § 203(m)(2)(A)(ii).......................................................................................................14

29 U.S.C. § 203(s)(1)...................................................................................................................11

29 U.S.C. § 206 ...........................................................................................................................13

29 U.S.C. § 207 ...........................................................................................................................13

29 U.S.C. § 216(b) .......................................................................................................................14

DCL § 270....................................................................................................................................16

DCL § 271....................................................................................................................................17

DCL § 273................................................................................................................................1, 17

DCL § 275 ..............................................................................................................1, 16, 17

DCL § 276 ...................................................................................................................1, 17

DCL § 279 ........................................................................................................................17

NYLL § 2(7) ....................................................................................................................11

NYLL § 190(3) ................................................................................................................11

NYLL § 195(1) ...........................................................................................................2, 15

NYLL § 195(3) ...........................................................................................................2, 15

NYLL § 198(1-b) .......................................................................................................2, 15

NYLL § 651(6) ................................................................................................................11

NYLL § 652(1) ................................................................................................................13

NYLL § 663(1) ................................................................................................................14

**Rules and Regulations**

12 N.Y.C.R.R. § 143-3.2(a) ...........................................................................................12

12 N.Y.C.R.R. § 146-1.3 ................................................................................................14

12 N.Y.C.R.R. § 146-1.3(b) ...........................................................................................13

12 N.Y.C.R.R. § 146-1.4 ................................................................................................13

12 N.Y.C.R.R. § 146-2.2 ................................................................................................15

12 N.Y.C.R.R. § 146-3.5 ................................................................................................13

CPLR § 6201 .............................................................................................................10, 15

CPLR § 6201(3) ....................................................................................................... *passim*

CPLR § 6202 .......................................................................................................................7

CPLR § 6212 ....................................................................................................................15

CPLR § 6212(a) ........................................................................................................10, 15

CPLR § 6212(b) .................................................................................................................. 16

CPLR § 6220 .................................................................................................................. 2, 24

FRCP 15(d) .................................................................................................................. 2, 19

FRCP 18(b) .................................................................................................................. 19

FRCP 20(a)(2) .................................................................................................................. 20

FRCP 21 .................................................................................................................. 2, 19

FRCP 64 .................................................................................................................. 1, 7

FRCP 65 .................................................................................................................. 1

FRCP 65(c) .................................................................................................................. 24

## PRELIMINARY STATEMENT

Plaintiff Yong Xiong He ("Plaintiff" or "He") submits this memorandum of law in support of his application to attach, set aside and enjoin certain properties and property transfers and to obtain other relief. At issue here is the transfer of five valuable assets by two individual Defendants following commencement of this case. The transfers were fraudulent and aimed at frustrating Plaintiff's effort to collect on a likely award in his favor.

Plaintiff filed this action on October 18, 2019, seeking damages against four Defendants – a corporation that operated a restaurant and three brothers who owned and controlled the corporate defendant and oversaw the restaurant and its employees. Plaintiff was a waiter in the restaurant for over six years and, during his entire job tenure, Defendants failed to pay him wages in an amount required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and New York Labor Law ("NYLL").

Soon after service of the summonses and Complaint – meaning, shortly after Defendants were put on notice of a substantial damage claim against them – two of the individual Defendants, Wai Leung Chan and Wai Shun Chan:

- Transferred their interest in five significant assets – four parcels of real estate and a mortgage loan they made – to their wives and other relatives;

- Received no consideration in return for these transfers; and,

- Carried out four of these transactions on the same day (November 25, 2019) and the fifth two days later (November 27, 2019).

Through his motion, Plaintiff seeks an order under § 6201(3) of the New York Civil Practice Law and Rules ("CPLR"); §§ 273, 275, 276 and 279 of the New York Debtor and Creditor Law ("DCL"); and, Rules 64 and 65 of the Federal Rules of Civil Procedure ("FRCP")

to void these transfers; restrain Defendants from disposing of these properties, attach these properties, the loan proceeds and all assets of the two Defendants; and, provisionally enjoin further transfers of these properties – all in an amount not to exceed their liability here and pending satisfaction of a judgment in this case. Plaintiff also seeks an order for leave to file a Supplemental Complaint, under FRCP 15(d) and 21, which adds claims under the DCL and the CPLR, joins the transferees of these property transfers as defendants, requests injunctive relief, and requests that, under CPLR § 6220, Wai Leung Chan and Wai Shun Chan be required to disclose their interests in properties and debts owed them.

## STATEMENT OF FACTS

### A.  Complaint and Answer.

Plaintiff was employed as a waiter in Defendants' restaurant, China New Star Restaurant (the "Restaurant") for over six years. *See* Declaration of Yong Xiong He, dated June 30, 2020, ("He Decl.") ¶¶2-3.  On October 18, 2019, Plaintiff filed the Complaint in this action seeking damages from Defendants, claiming that, while he was employed at the Restaurant, Defendants failed to (a) pay Plaintiff wages, including for overtime, in accord with the FLSA and NYLL, and (b) provide Plaintiff with written notices of his pay and wage statements, as required by NYLL §§ 195(1), (3), 198(1-b). *See* [Dkt. #1] Compl. ¶¶ 18-41; He Decl. ¶¶4, 6; Declaration of Michael L. Winston, dated July 2, 2020 ("Winston Decl."), ¶3 & Ex. E (copy of Complaint).

Defendants are (1) China New Star Restaurant, Inc. (the "Corporation" or "Corporate Defendant"), which owned and operated the Restaurant, and (2) three brothers who controlled the Corporation, the Restaurant and its employees' employment terms. These three Defendants are: Wai Shun Chan a/k/a Vincent Chan ("Wai Shun"), Wai Leung Chan a/k/a Alan Chan ("Wai Leung"), and Wai Wen Chan a/k/a Daniel Chan ("Wai Wen"). *See* Compl. ¶¶ 6-11; *see also*

Amended Answer [Dkt. # 19] ¶¶ 10-15. The claimed damage amount for these statutory violations is currently calculated at $439,521, without attorney's fees and costs. *See* Declaration of Alexander J. Ritz, dated July 2, 2020, ¶¶ 3-6 & Ex. A; Winston Decl. ¶16.

The summonses and Complaint were served on each Defendant by October 22, 2019, with Answers due on November 12, 2019. Dkt. ## 8–12-1. On November 26, 2019, Defendants' counsel requested an extension until December 4 to file an Answer. *See* Winston Decl. ¶¶5-7. Plaintiff's counsel agreed to and the Court thereafter granted the requested extension. *See* Winston Decl. ¶7; Dkt #13 & Court Order of 11/27/19. Defendants filed their Answer [Dkt. #16] on December 4 and an Amended Answer [Dkt #19] on January 7, 2020 ("Am. Ans.").

**B. The Fraudulent Transfers.**

At the same time Defendants' counsel was seeking additional time to file an Answer, Wai Shun and Wai Leung[1] implemented a scheme to transfer and thereby rid themselves of their interest in five valuable properties (the "Five Properties"). Four of the transfers occurred on November 25, 2019 and the fifth occurred on November 27, 2019. The transfers were:

1. **6309 Strickland Avenue, Brooklyn, NY** (the "Strickland Ave. Property"):

   a. On July 10, 2007, Wai Leung and Po Kum Chan, as husband and wife, purchased the Strickland Ave. Property – a one-family residential – for $560,000. *See* Declaration of Thomas Curtin ("Curtin Decl."), dated July 2, 2020, ¶5(a) & Ex. A at 1-3, 7.

   b. **<u>On November 25, 2019</u>**, Wai Leung and Po Kum Chan transferred this mortgage-free Strickland Ave. Property to Po Kum Chan "in consideration of ten dollars and other valuable consideration" and a sale price of "$0". Curtin

---

[1] Defendants deny that Wai Wen had control over the Corporation or the Restaurant employees. *See* Am. Ans. ¶ 14 (responding to Compl. ¶ 10). Plaintiff will of course use discovery to probe this contention.

Decl. ¶¶5(b), 6 & Ex. B at 1-3, 7. The deed of this transfer states that both

Wai Leung and Po Kum Chan reside at the Strickland Ave. Property. *Id.,* Ex.

B at 1-2; *see also* Am. Ans. ¶ 13 (Wai Leung resides at this Property).

Attorney Joseph Wong ("Attorney Wong"), handled this transfer. *See* Curtin

Decl., Ex. B at 1.

2. **70 Washington Street, Brooklyn NY, Unit 6Q** (the "Condo"):

    a. On June 22, 2016, Wai Leung and Po Kum Chan as husband and wife

purchased the Condo for $965,000. *See* Curtin Decl. ¶7(a) & Ex. C at 1-3, 8.

On the same day, Wai Leung and Po Kum Chan took out at a $319,000

mortgage on this Property with JPMorgan Chase. *See* Curtin Decl. ¶7(b) &

Ex. D at 1. There is no record in the Automated City Register Information

System ("ACRIS") of any satisfaction of this mortgage. *See* Curtin Decl.

¶7(b).

    b. **On November 25, 2019**, Wai Leung and Po Kum Chan transferred the Condo

to Po Kum Chan and Ronald Chan "in consideration of ten dollars and other

valuable consideration" with a sale price of "$0" – even though Wai Leung's

mortgage obligations connected to this property continued. *See* Curtin Decl.

¶7(c) & Ex. D at 18, ¶13, & Ex. E at 1-3, 8. The deed of this transfer lists the

sale as one "Between Relatives or Former Relatives." *See Id.*, Ex. E at 8.

Attorney Wong handled this transfer as well. *See Id.*, Ex. E at 1.

3. **8119 6th Avenue, Brooklyn, NY** (the "6th Ave. Property"):

    a. On August 20, 2013, Wai Leung, Po Kum Chan and Roy Chan (a relative, *see*

¶ 3.b., below) purchased the 6th Ave. Property – a two-family dwelling – for

$979,000; Wai Leung and Po Kum Chan held 50% of the property as husband and wife by tenancy-by-the-entirety; Roy Chan held the other 50%. *See* Curtin Decl. ¶8(a) & Ex. F at 3.

b. **On November 25, 2019**, Wai Leung, Po Kum Chan and Roy Chan transferred the 6th Ave. Property to Roy Chan and Jiazhen Liao (Roy Chan's wife) "in consideration of ten dollars and other valuable consideration" and a sale price of "$0" – even though the equity held by the sellers of the property was at least $451,000.[2] The deed states that the sale is "Between Relatives or Former Relatives." Attorney Wong also handled this transfer. *See* Curtin Decl. ¶8(b) & Ex. G at 1-3, 7.

4. **8804 16th Avenue, Brooklyn , NY** (the "16th Ave. Property"):

a. Wai Shun, who for a number of years held an interest in the 16th Ave. Property, transferred this Property on January 27, 2010 to himself and Ching Man Hong Chan, a/k/a Hong Ching Man Chan, as husband and wife. *See* Curtin Decl. ¶9(a)-(d) & Exs. J-M.

b. **On November 25, 2019**, Wai Shun and Ching Man Hong Chan transferred this one-family mortgage-free 16th Ave. Property[3] to Ching Man Hong Chan and Joseph Chan, as joint tenants with right of survivorship, "in consideration

---

[2] On August 20, 2013, the three purchasers of the 6th Ave. Property took out a $579,000 mortgage on this Property with JPMorgan Chase Bank. On December 26, 2019 – following the improper conveyance of this Property – Roy Chan and Jiazhen Liao entered into an agreement with JPMorgan Chase consolidating their obligations for the remaining $501,920 of the $579,000 loan and for an additional $13,122.56 mortgage debt amount. That means that, even if the 6th Ave. Property did not increase in value after August 20, 2013 – an unlikely occurrence – the Property when transferred on November 25, 2019 had approximately $477,000 in equity. Wai Leung and Po Kum Chan held fifty percent of that equity amount before the November 25, 2019 transfer occurred. *See* Curtin Decl. ¶8(c), (d) & Exs. H, I; *supra* at 4-5, ¶3.a.

[3] On November 25, 2019, the date of the transfer, and since then, there was no mortgage on this Property listed on ACRIS. *See* Curtin Decl. ¶9(e) & Ex. N.

of ten dollars and other valuable consideration" with a sale price of "$0". The deed states that it was a "Sale Between Relatives and Former Relatives" and that all three involved in this transfer reside at this Property. *See* Curtin Decl. ¶8(f) & Ex. O at 1-3, 6*; see also* Compl. ¶ 8 & Am. Ans. ¶ 12 (admitting that Wai Shun resides at this Property). Attorney Wong again handled this transfer. Curtin Decl., Ex. O at 1.

5. **The Kristy Li Mortgage**:

    a.   On September 4, 2014, Kristy Ling Feng Li ("Kristy Li") purchased the property located at 7814 16th Avenue, Brooklyn, NY. *See* Curtin Decl. ¶10(a) & Ex. P.

    b.   On September 1, 2019 – a month *before* the Complaint was filed – Wai Leung and Wai Shun loaned $600,000 to Kristy Li, who pledged the 7814 16th Avenue property as security for the loan (the loan and pledge are hereinafter referred to as the "Li Mortgage"). Under the Li Mortgage, Kristy Li was to pay Wai Leung and Wai Shun $6,661.23 per month for ten years. *See* Curtin Decl. ¶10(b) & Ex. Q at 1-2; *id.*, Ex. Q at 7 (¶ 8).

    c.   **<u>On November 27, 2019</u>** – two months *after* the Complaint was filed – Wai Leung and Wai Shun assigned the Li Mortgage to Po Kum Chan and Elton Chan, a relative of Wai Shun, for "consideration of ten ($10)," even though $592,659.23 in principal remained on the loan. *See* Curtin Decl. ¶10(c) & Ex. R at 1-3. This assignment means that the monthly Li Mortgage payments (the "Mortgage Proceeds") would be made to Po Kum Chan and Elton Chan, not to Wai Leung or Wai Shun. In the Li Mortgage assignment, Wai Leung and

6

Po Kum Chan are both listed as residing at the Strickland Ave. Property, while Wai Shun and Elton Chan are both listed as residing at the 16th Ave. Property.  Attorney Wong again handled this transfer. *See id.,* Ex. R at 1.

Searches for properties of Wai Leung and Wai Shun in New York City and the surrounding area did not reveal any properties of these Defendants other than the five at issue here. *See* Declaration of Maura Moosnick, dated June 29, 2020, ¶¶ 4-8.

For the reasons that follow, an order voiding these transfers, attaching the Five Properties and providing the other relief sought by Plaintiff should be granted.

## ARGUMENT

### I.   THE COURT SHOULD ISSUE AN ATTACHMENT ORDER

Rule 64(a) of the FRCP provides that, in a federal court action, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  The "remedies available under this rule include . . . attachment; . . . and other corresponding and equivalent remedies." FRCP 64(b).

Under CPLR § 6201(3), a court may order attachment where a plaintiff "demanded and would be entitled . . . to a money judgment against one or more defendants" and:

> the defendant, with intent to defraud his creditors or frustrate
> the enforcement of a judgment that might be rendered in plaintiff's
> favor, has assigned, disposed of, encumbered or secreted property . . . .

This provisional remedy, "afford[ing] a plaintiff with security for enforcement of any judgment in the plaintiff's favor," *Davila Pena v. Morgan*, 149 F. Supp. 2d 91, 94 (S.D.N.Y. 2001), allows for attachment of a defendant's real and personal property. *See Arzu v. Arzu*, 190 A.D.2d 87, 92 (1st Dept. 1993); *City of New York v. Citisource, Inc.*, 679 F. Supp. 393, 397 (S.D.N.Y. 1988); *Bank of Leumi Trust Co. v. Istim. Inc.,* 892 F. Supp. 478, 482 (S.D.N.Y. 1995); CPLR §6202. As

demonstrated below, Plaintiff meets the requirements for obtaining an order providing for these remedies.

### A. Attachment Is Warranted Because Defendants Have Disposed of Significant Assets with Fraudulent Intent During the Course of this Litigation[4]

The evidence demonstrates that Defendants transferred the Five Properties with fraudulent intent under CPLR § 6201(3).

Because fraudulent intent "is rarely susceptible to direct proof," *In re Kaiser*, 722 F.2d 1574, 1582 (2d Cir.1983), a plaintiff may prove that a defendant transferred assets with an intent to defraud or frustrate a potential judgment by showing the existence of certain "badges of fraud." The list of badges includes: "gross inadequacy of consideration"; "a close relationship between transferor and transferee"; the transferor's insolvency as a result of the conveyance; "a questionable transfer not in the ordinary course of business"; and "retention of control of the property by the transferor after the conveyance." *N.Y. Dist. Council of Carpenters Pension Fund v. KW Constr., Inc.*, No. 07-cv-8008, 2008 WL 2115225, at *4-5 (S.D.N.Y. May 16, 2008). Courts have also identified indicia of fraud to include "the existence or cumulative effect of a pattern or series of transactions or course of conduct after the . . . pendency or threat of suits by creditors; and ... the general chronology of the events and transactions under inquiry." *United States v. Mazzeo*, 306 F. Supp. 2d 294, 312 (E.D.N.Y. 2004) (citing *In re Kaiser*, 722 F.2d at 1582-83); *accord CF 135 Flat LLC v. Triadou SPV N.A.*, No. 15-CV-5345, 2016 WL 5945912, at *10 (S.D.N.Y. June 24, 2016).

---

[4] Attachment is available to Plaintiff even though no judgment has yet issued in his favor. *See* CPLR § 6201(3) (available for "enforcement of a judgment that might be rendered in plaintiff's favor"); FRCP 64(a) (regarding "seizing . . .  property to secure satisfaction of [a] potential judgment"); *see also Citisource*, 679 F. Supp. at 397.

The badges of fraud here irrefutably demonstrate Defendants' fraudulent intent. For example, that Wai Leung and Wai Shun conveyed and assigned valuable property to family members for no consideration during the litigation shows that the "fraudulent intent element is satisfied so as to merit an order of attachment." *N.Y. Dist. Council of Carpenters Pension Fund*, 2008 WL 2115225, at *5 (defendant transferred his interest in two properties to his wife for $10 during pendency of litigation); *accord U.S. Fidelity & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 924 (E.D.N.Y. 1999) (defendant's transfer of "his interest in the Premises to his wife . . . suffices to establish a prima facie case" of fraudulent intent);[5] *Marine Midland v. Murkoff*, 120 A.D.2d 122, 128 (2d Dept. 1986) (same); *Blue Giant Equip. Corp. v. Tec-Ser, Inc.*, 92 A.D.2d 630, 631 (3d  Dept. 1983) (attachment available to plaintiff where defendant, following commencement of litigation, assigned accounts receivable to his wife).

Moreover, the conveyances and assignment here occurred not simply during the pendency of litigation, but in fact took place approximately one month after Wai Leung and Wai Shun learned that they faced substantial liability as a result of the lawsuit and while they sought and obtained additional time for filing their Answer. This further demonstrates that there is "sufficient evidence" of fraudulent intent "to justify an attachment under § 6201(3)." *Citisource*, 679 F. Supp. at 397; *Richardson Greenshields Secs., Inc. v. Mui-Hin Lau*, 651 F. Supp. 929, 933 (S.D.N.Y. 1986).

And, further adding to the overwhelming evidence of fraudulent intent is the showing that:  (1) these five transfers were carried out in a "series", *see Mazzeo*, 306 F. Supp. 2d at 312, with four of them occurring the *same* day and the fifth taking place two days later, and (2) Wai

---

[5] After a showing that a defendant has transferred property to family members for no consideration, "the burden then shifts to the defendant to explain the actions or to rebut the plaintiffs' allegations." *Allstate Ins. Co. v. TMR Medicbill Inc.*, No. 00-cv-0002, 2000 WL 34011895, at *13 (E.D.N.Y. July 13, 2000).

Leung and Wai Shun continue to reside in and retain control of two of the transferred properties, *see N.Y. Dist. Council of Carpenters Pension Fund*, 2008 WL 2115225, at \*4-5.

In short, the evidence demonstrates that Defendants Wai Leung and Wai Shun improperly transferred valuable assets which – if not undone – may very well defeat Plaintiff's ability to secure satisfaction of any judgment issued in his favor. *E.g., Mishkin v. Kenney & Branisel*, Inc., 609 F. Supp. 1254, 1257 (S.D.N.Y. 1985); *see also supra* at 7 (searches have not uncovered any other properties of these Defendants).

## B. Plaintiff Has Satisfied the Other Elements for Obtaining an Attachment Order Under CPLR Section 6201(3)

To obtain an order of attachment under CPLR Section 6201(3), Plaintiff must additionally show that: (1) he will "probabl[y] . . . succeed on the merits" of his cause of action seeking a money judgment, and (2) the amount demanded from the Defendants is greater than the amount of all counterclaims "known to Plaintiff." CPLR § 6212(a); *see* CPLR § 6201; *N.Y. Dist. Council of Carpenters Pension Fund*, 2008 WL 2115225, at \*1. Plaintiff satisfies these requirements.

### 1. Plaintiff Has Stated a Claim That Will Likely Succeed on the Merits

In determining whether it is "probable" that a plaintiff's claim "will succeed on the merits," CPLR § 6212(a), "the court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the facts," *Coley v. Vannguard Urban Improvement Assoc., Inc.*, 12-CV-5565, 2016 WL 7217641 at \*10 (E.D.N.Y. Dec. 13, 2016) (Chen, J.) (internal quotes omitted); *accord Albany Sav. Bank, FSB v. All Advantages Limo. Serv., Inc.*, 154 A.D.2d

759, 761-62 (3d Dept 1989).[6] Here, Plaintiff has met his burden regarding his FLSA and NYLL claims.

### a.  FLSA Enterprise and Individual Coverage

FLSA jurisdiction and requirements apply here for two alternative reasons. First, Plaintiff was employed in an "enterprise engaged in interstate commerce," because the Restaurant's sale revenues exceeded $500,000 a year, 29 U.S.C. § 203(s)(1); Winston Decl. ¶15.c. & Ex. D.

Second, FLSA "individual coverage" exists because Plaintiff "personally engaged in interstate commerce" in that Plaintiff "handled supplies or equipment that originated out-of-state." *Rodriguez v. Almighty Cleaning, Inc*., 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011). In this regard, Plaintiff, as a Restaurant waiter, handled among other thing pads of paper, plates of food, towels and customer credit cards. He Decl. ¶5. "In light of how 'broad' the standard is for handling supplies that have originated out-of-state, it is certainly a 'legitimate inference' that" the FLSA individual coverage has been met. *Coley,* 2016 WL 7217641, at *11 (citation omitted); *see also Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. CV 2012-1264,  2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014) (inferring that restaurant employee handled food products and other goods that moved in interstate commerce), report and recommendation adopted, 2014 WL 1310299 (E.D.N.Y. 2014).

### b.  Defendants Were Plaintiff's Employers

Defendants were also Plaintiff's "employers" under the FLSA and NYLL definitions. *See* 29 U.S.C. §§ 203(d), (g) ("employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee"); NYLL §§ 2(7), 190(3), 651(6) ("employer" includes

---

[6] "Because attachment is a provisional remedy, a court should not decide the merits of a cause of action on a motion for attachment unless the complaint and the affidavits clearly indicate that the plaintiff must fail." *Citisource, Inc.*, 679 F. Supp. at 398.

"any person ... employing any individual in any occupation."); 12 N.Y.C.R.R. § 143-3.2(a).

These FLSA and NYLL definitions – which are "coextensive[]" – "sweep broadly in identifying

the persons or entities who qualify as employers . . . ." *Coley,* 2016 WL 7217641, at *13-14.

Defendants acknowledge that Defendant China New Star Restaurant, Inc. "employed

[Plaintiff He] as a waiter . . . ." Am. Ans. ¶ 9. So, too, Wai Leung and Wai Shun (and Wai Wen)

were Plaintiff's employer under the FLSA and NYLL.

In this regard, the individual Defendants: (1) were owners and officers of – and

controlled – the Corporation and the Restaurant it operated, (2) supervised and managed the

Restaurant and its employees, (3) had the power to hire, fire, and discipline these employees and

controlled Restaurant employee work schedules and conditions of employment, and (4)

determined the rate and method of employee payment. *See* He Decl. ¶¶9-10 (each individual

Defendant was in charge of the Restaurant at different time periods each week during which that

individual Defendant was in control of and supervised the employees; also stating that Wai Shun

and Wai Leung paid employees, Wai Shun fired Plaintiff and Wai Wen hired Plaintiff); Compl. ¶

8 & Am. Ans. ¶ 12 (admitting that Wai Shun was an owner, manager, and Vice-President of the

Corporate Defendant; managed the Restaurant; had operational control of the Corporate

Defendant and the Restaurant; had the power to hire and fire Plaintiff and in fact fired Plaintiff;

set the terms and conditions of Plaintiff's employment; and determined the rate and the method

of his compensation); Compl. ¶ 9 & Am. Ans. ¶ 13 (admitting that Wai Leung was an owner,

officer, and president of the Corporate Defendant); Winston Decl. ¶15(a), (b) & Exs. B & C

(Restaurant's NY State liquor license listing Wai Leung and Wai Shun as the Corporation's

"principals" and NY Department of State website listing Wai Shun as CEO of Corporate

Defendant).

Because Wai Shun and Wai Leung (and Wai Wen) "'possessed the power to control the workers in question'" – and had authority "over management, supervision, and oversight" of the Corporate Defendant and the Restaurant, including its employees – they were Plaintiff's "employer" under the FLSA and NYLL. *Irizarry v. Catsimatidis*, 722 F.3d 99, 111 (2d Cir. 2013) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139-41 (2d Cir. 1999)); *Coley* 2016 WL 7217641 at *14; *Valdez v. H & S Rest. Operations, Inc.*, No. 14-cv-4701, 2016 WL 3079028, at *2-3 (E.D.N.Y. Mar. 29, 2016) (FLSA and NYLL), report and recommendation adopted, 2016 WL 3087053 (E.D.N.Y. May 27, 2016).

### c.  Federal and State Wage and Hour Claims

Plaintiff will also likely prevail on his claim – that seeks a money judgment – that Defendants underpaid him.  Under the FLSA, Defendants were required to pay Plaintiff not less than $7.25 per hour and at a rate of one and one-half times Plaintiff's regular rate of pay for hours exceeding forty (40) in any week. *See* 29 U.S.C. §§ 206, 207. Under NYLL and related regulations, Defendants were required – given that the Restaurant was located in New York City and employed more than eleven employees – to pay Plaintiff no less than $7.25 per hour commencing in January 2013, with this wage floor increasing every December 31 thereafter, until the required rate was $15.00 an hour starting on December 31, 2018. *See* NYLL § 652(1); 12 N.Y.C.R.R. § 146-1.3(b); Compl. ¶¶ 22-23 (setting forth NYLL minimum wage rates from December 2012 to current). Defendants were also required under the NYLL to pay compensation to Plaintiff at one and one-half times his regular rate of pay for hours exceeding forty (40) in any week. 12 N.Y.C.R.R. §§ 146-1.4, 146-3.5; Compl. ¶¶ 30-31.

Defendants' pay to Plaintiff, however, fell far short of these federal and state mandates. During Plaintiff's employment by Defendants at the Restaurant, which lasted from January 20,

2013 to August 29, 2019, (a) Plaintiff's workday was 10 hours long, and (b) in every three-week period, he worked six days a week for two weeks (for a total of 60 hours a week) and then five days a week for one week (for a total of 50 hours a week). *See* He Decl. ¶4. Yet, during Plaintiff's entire employment, Defendants paid him $20 for each 10-hour day, with no additional pay for hours surpassing forty hours in a week. *Id.* ¶6.[7]

Plaintiff is likely to prevail on his claim that Defendants underpaid him also because (a) Plaintiff has offered evidence of the underpayments and the hours Plaintiff worked, *see* He Decl. ¶¶4, 6, and (b) Defendants have thus far failed to show that they maintained required records of Plaintiff's work hours and pay, Winston Decl. ¶¶10(a), (b), 11, 13 & Ex. A (Defendants failed to produce wage and schedule records after being ordered to do so by the Court and their Initial Disclosures indicate that they do not have such documents), and thus have the burden – which they are unlikely to meet – of showing that Plaintiff was paid in accordance with FLSA and NYLL requirements,[8] *see Bedasie v. Mr. Z. Towing*, 13-CV-5453, 2017 WL 1135727 at *20-21 (E.D.N.Y. Mar. 24, 2017); *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047 (2016) (citing *Anderson v. Mt. Clemens Pottery Co*, 328 U.S. 680, 687 (1946)).[9]

---

[7] No tip credit applies here as Defendants never informed Plaintiff of the tip credit to be taken from the basic minimum hourly rate. *See* 29 U.S.C. § 203(m)(2)(A)(ii); 12 N.Y.C.R.R. § 146-1.3; He Decl. ¶¶7, 12.

[8] Under the FLSA and NYLL, an employer which has underpaid its employee is also generally liable for "an additional equal amount as liquidated damages," equal to one hundred percent of the underpayment. 29 U.S.C. § 216(b); *see also* NYLL § 663(1).

[9] Defendants toss into their Amended Answer (¶¶46-67) eight affirmative defenses that are meritless. For example, Defendants raise the equitable defenses of "unclean hands," "bad faith," and "equitable estoppel," none of which are available in an action for damages under the FLSA and NYLL. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 464–65 (S.D.N.Y. 2008); *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 213 (E.D.N.Y. 2010), *objections overruled sub nom. Paulino Uto v. Job Site Servs., Inc.*, No. CV-10-0529 (SJF) (ETB), 2010 WL 11632756 (E.D.N.Y. Dec. 14, 2010).

### d. Claims for Notice and Wage Statements

Under NYLL §§ 195(1) and 198(1-b) and 12 N.Y.C.R.R. § 146-2.2, Defendants were required to provide to Plaintiff, in writing in English and in his primary language, prior to the start of his employment, a notice informing him among other things of his regular hourly pay rate, the overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. Under NYLL § 195(3), Defendants were required to furnish Plaintiff with a statement with every wage payment, listing, among other things, the dates of work covered by that payment, the number of hours worked, the number of overtime hours worked, the rate of pay, the overtime rate, the gross and net wages, and deductions and allowances, if any, claimed as part of the minimum wage. Neither the notice nor the wage statements were furnished to Plaintiff. He Decl. ¶¶7, 12; *see also* Winston Decl. ¶3, and thus Plaintiff will likely succeed on these claims as well.

### 2. Defendants Did Not Bring Any Counterclaims Against Plaintiff

Plaintiff is also able to establish that "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff," CLPR § 6212(a), given that Defendants' Amended Answer does not bring any counterclaims against Plaintiff. *See generally* Amended Answer. As Defendants stated in their Initial Disclosures: "Defendant[s] ha[ve] not claimed any damages in this action." *See* Winston Decl. ¶13 & Ex. A, ¶C.

*      *      *

In sum, Plaintiff has satisfied the requirements under CPLR §§ 6201 and 6212 and therefore an order attaching the transferred assets is warranted. Moreover, given the showing of fraudulent intent here, (a) the Mortgage Proceeds – whether paid to Po Kum Chan and Elton Chan or to Wai Leung and Wai Shun – should additionally be subject to attachment to prevent

dissipation of this asset, and (b) an order should issue that attaches all property of Wai Leung and

Wai Shun, including any real property (in addition to the Five Properties, should any such

property exist), bank accounts, stocks and bonds, instruments, and other personal property.

*Coley*, 2016 WL 7217641, at *10 (attaching all of defendant's assets).[10]

To deny Plaintiff the requested attachment relief would risk permitting these Defendants

to further dispose of assets – by, for example, allowing them to further transfer the properties or

dissipate Mortgage Proceeds and other assets – and thereby frustrate the enforcement of any

judgment Plaintiff may obtain. *See In re Manshul Constr. Corp.*, No. 99-cv-2825, 2000 WL

1228866, at *49 (S.D.N.Y. Aug. 30, 2000).

## II.    AN ORDER UNDER THE DCL SHOULD ISSUE RESTRAINING DEFENDANTS FROM DISPOSING OF THE PROPERTIES AND SETTING ASIDE THE CONVEYANCES AND ASSIGNMENTS

An order should also issue under the DCL[11] restraining Defendants from disposing of the

Five Properties and setting aside the conveyances and assignment of those Properties.[12] Under

the DCL, where a transfer of property is done (i) "without fair consideration" by a person who

"intends or believes he will incur debts beyond his ability to pay as they mature," DCL § 275, (ii)

---

[10] Plaintiff requests that the CPLR § 6212(b) undertaking be set at the $500 minimum amount given that Plaintiff is currently unemployed and prior to that was inadequately paid for years by Defendants, *see* He Decl., ¶¶6, 13, and also because any damages Defendants would suffer for wrongful attachment would be nominal. This requested amount is in line with undertakings set in court decisions. *See, e.g., OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 305 F. Supp. 2d 340, 348 (S.D.N.Y. 2004) (undertaking equals 0.004% of value of assets attached); *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 306 F. Supp. 2d 482, 488 (S.D.N.Y. 2004) (undertaking equals 0.1% of value of assets attached).

[11] The DCL was amended and reorganized effective April 4, 2020. The prior version of the DCL, however, applies here because the transactions at issue took place prior to April 2020. *See* McKinney's 2019 Session Law News of NY Ch. 580 [A. 5622] § 7 ("This act shall take effect one hundred twenty days after it shall have become a law, and shall apply to a transfer made or obligation incurred on or after such effective date, but shall not apply to a transfer made or obligation incurred before such effective date, nor shall it apply to a right of action that has accrued before such effective date."); *see also Yuan Bo Lai v. Pu Ti Buddhist Ass'n*, 2020 NY Slip Op 31509(U), 2020 N.Y. Misc. LEXIS 2243, at *1 n.1 (N.Y. Sup. Ct., Kings Cnty. May 20, 2020).

[12] Plaintiff is entitled to this remedy even though no judgment has yet issued in his favor. DCL § 270 ("creditor" means any "person having any claim, whether matured or unmatured . . . fixed or contingent"); *see Trafalgar Power, Inc. v. Aetna Life Ins.* Co., 131 F. Supp. 2d 341, 347 (N.D.N.Y 2001).

"without a fair consideration" "by a person who is or will be thereby rendered insolvent[13] as to creditors" ("without regard to his actual intent"), DCL § 273, or (c) "with actual intent . . . to hinder, delay or defraud either present or future creditors," DCL § 276, then the transfer is deemed fraudulent and a court may, among other remedies,"[r]estrain the defendant from disposing of his property," "[s]et aside the conveyance or annul the obligation," or "[m]ake any order which the circumstances of the case may require," DCL § 279.

Here, all three of these DCL provisions apply. *First*, because Defendants Wai Leung and Wai Shun transferred the properties for no consideration shortly after Plaintiff filed his lawsuit against them, it can reasonably be inferred that Defendants transferred the properties with the intent and belief that they would incur debts beyond their ability to pay – in violation of DCL § 275. *See In re Borriello*, 329 B.R. 367, 379-80 (Bankr. E.D.N.Y. 2005); *supra* at 7 (we are not aware of other assets held by these Defendants).

*Second*, under DCL § 273, "[w]here, as here the absence of fair consideration has been demonstrated, the burden of coming forward with proof that the debtor nonetheless remained solvent shifts to the defendants." *MFS/Sun Life Tr.-High Yield Series v. Van Dusen Airport Servs. Co.*, 910 F. Supp. 913, 938 (S.D.N.Y. 1995); *In re Wonderwork, Inc.*, 611 B.R. 169, 211 (Bankr. S.D.N.Y. 2020). Defendants here, who transferred their property to relatives, cannot meet that burden.

*Third*, Defendants are also liable under DCL § 276 because the conveyances were made with actual intent to hinder, delay, or defraud. "Case law under section 276 identifies five circumstantial [badges of fraud] . . . . " *Cadle Co. v. Newhouse*, 74 F. App'x 152, 153 (2d Cir.

---

[13] Under the DCL, "[a] person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." DCL § 271.

2003) (citing *RTC Mortg. Tr. 1995-S/N1 v. Sopher*, 171 F. Supp. 2d 192, 201 (S.D.N.Y. 2001)).

These are the same "badges of fraud" that are utilized in the CPLR § 6201(3) context. *Compare*

*RTC Mortg. Tr. 1995-S/N1*, 171 F. Supp. 2d at 201 (DCL § 276) *with N.Y. Dist. Council of*

*Carpenters Pension Fund*, 2008 WL 2115225, at *4-5 (CPLR § 6201(3)). As a result, the same

evidence presented above (at 9-10, that Wai Leung and Wai Shun transferred the Five Properties

to relatives for no consideration after being sued and then retained possession of the property

post-transfer)) used to support an "intent to defraud" claim under CPLR § 6201(3) also confirms

that, under the DCL, Defendants acted with "actual intent" to defraud Plaintiff. *See HBE*

*Leasing Corp. v. Frank*, 61 F.3d 1054, 1058-59 (2d Cir. 1995) (defendant's transfer of property

to his fiancée for no consideration before judgment issued deemed fraudulent under DCL);

*Cablevision v. Annasonic Electronic Supply*, No. CV-83-5159, 1984 WL 254933, *5 (E.D.N.Y.

Feb. 10, 1984) (defendant's transfers made during lawsuit for no consideration invalid under

DCL); *Scola v. Morgan*, 66 A.D.2d 228, 231-33 (1st Dept. 1979) (voiding transfer of property

from husband to wife as fraudulent under DCL); *Mazzeo*, 306 F. Supp. 2d at 312; DCL §

273(b)(9).

       Because Defendants engaged in multiple fraudulent conveyances, in violation of the

DCL, an order setting aside the conveyances and restraining Defendants from further disposition

of their property is warranted

### III.    PLAINTIFF'S REQUEST TO FILE A SUPPLEMENTAL COMPLAINT AND FOR A TRO AND PRELIMINARY INJUNCTION SHOULD BE GRANTED

       As part of the request for an order to void the asset transfers and attach the properties,

Plaintiff seeks (a) leave of the Court to file a Supplemental Complaint asserting claims under the

DCL and CPLR § 6201(3), requesting that the five transfers be voided and the Five Properties

attached, and that the transferees be joined as defendants, and (b) issuance of a temporary

restraining order and preliminary injunction to immediately enjoin further transfers of these

properties pending, respectively, a hearing on Plaintiff's motion and this Court's final

determination in this case.

### A.  Leave to File a Supplemental Complaint Should be Granted

Rule 15(d) of the FRCP provides, in part, that "a party [may] serve a supplemental

pleading setting out any transaction, occurrence, or event that happened after the date of the

pleading to be supplemented." Rule 18(b) of the FRCP permits a plaintiff to join claims and, in

that regard, allows a plaintiff to "state a claim for money and a claim to set aside a conveyance

that is fraudulent as to that plaintiff, without first obtaining a judgment for the money." *See also

Klass Report, L.L.C., v. Telemation, Inc.*, No. 98-cv-9181, 2000 WL 1871741, at *3 (S.D.N.Y.

Dec. 21, 2000). Leave to file a supplemental complaint is normally granted so long as

supplementation promotes the efficient adjudication of the case and no party is unfairly

prejudiced. *See Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989).

Plaintiff has filed herewith a Proposed Supplemental Complaint, Winston Decl. ¶3 & Ex.

F (Supplemental Complaint) – adding claims under the DCL and CPLR to void the fraudulent

transfers and attaching the properties – aimed at protecting Plaintiff's interest in securing

payment of any likely judgment in his favor; the Supplemental Complaint could not unfairly

prejudice the Defendants as the pleading seeks to undo Defendants' improper conveyances. *See,

e.g., United States v. Mazzeo*, No. 98-CV-3060, 2001 WL 393671, at *1 (E.D.N.Y. Jan. 10, 2001)

(allowing supplement complaint containing fraudulent conveyance claims).

The transferees Po Kum Chan, Ronald Chan, Roy Chan, Jiazhen Liao, Ching Man Hong

Chan, Joseph Chan and Elton Chan are properly joined as defendants, (a) under Rule 21, because

their inclusion as parties facilitates voiding the fraudulent conveyances and preventing further

improper transfers, and (b) under Rule 20, because the right to relief under the DCL claims is asserted against both the original Defendants and the transferees "jointly, [or] severally, or in the alternative  . . . in respect of or arising out of the same transaction" or a "series of transactions . . .; and [there are] questions of law or fact common to all defendants [that] will arise in the action." FRCP 20(a)(2).

Here, joining the transferees brings before the Court all the participants involved in the same "series of [improper] transactions" and thus will aid in voiding the transfers, attaching the properties and issuing injunctive relief. *See United States v. Hansel*, 999 F. Supp. 694, 696-97 (N.D.N.Y. 1998) (granting government's motion to amend complaint to add defendant's wife as a party and to set aside defendant's fraudulent conveyance of property to his wife where government sought relief for tax amounts owed).

In short, Plaintiff's request for leave to file a supplemental complaint should be granted and, for the reasons provided above (at 8-18), the relief sought in the Proposed Supplemental Complaint against Wai Leung, Wai Shun and the joined transferee Defendants – including setting aside the five transfers and attaching the five properties – should be granted, *see* Proposed Supplemental Complaint at 10-20.

### B.  Plaintiff Satisfies the Requirements for a TRO and Preliminary Injunction

In the Proposed Supplemental Complaint, Plaintiff also requests an order against Wai Leung and Wai Shun as well as the transferee Defendants, (1) pending the hearing on Plaintiff's motion, a TRO (as set forth in the Order to Show Cause) to immediately prevent these Defendants from selling, transferring, conveying, or otherwise disposing of the Five Properties and the Mortgage Proceeds, and (2) pending a final order in this case, a preliminary injunction to enjoin the same actions by these Defendants.

To obtain preliminary injunctive relief, a party must show: (1) "a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) a likelihood of "irreparable injury in the absence of an injunction"; (3) that "the balance of hardships tips in the plaintiff's favor"; and (4) that the "public interest would not be disserved." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894-95 (2d Cir. 2015) (internal citations omitted).  The standard is the same for obtaining a TRO. *See, e.g., Echo Design Grp. v. Zino Davidoff S.A.*, 283 F. Supp. 2d 963, 966 (S.D.N.Y. 2003).

### 1.   Plaintiff Will Likely Succeed on the Merits

Here, the merits issue pertains to Plaintiff's DCL and CPLR claims as Plaintiff, through the injunctive relief sought, seeks to maintain the status quo – whether pre-hearing or pre-final judgment – including by "[r]estrain[ing] the defendant[s] from disposing of [their] property." DCL §279(a). To establish a likelihood of success on the merits of this claim, Plaintiff "need not show that success is certain, only that the probability of prevailing is 'better than fifty percent.'" *BigStar Entm't, Inc. v. Next Big Star, Inc.*, 105 F. Supp. 2d 185, 191 (S.D.N.Y. 2000) (quoting *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985)). While Plaintiff surpasses this standard, *see supra* at 8-18, he can certainly satisfy the alternative test of "sufficiently serious questions going to the merits to make them a fair ground for litigation" and, as shown *infra* at 22, that the balance of hardships tips decidedly in his favor.

### 2.   Plaintiff Will Suffer Irreparable Harm Absent Injunctive Relief

To demonstrate irreparable harm, a plaintiff must show an injury that is "actual and imminent" and "cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (internal quotation marks omitted). Plaintiff "will

clearly suffer irreparable harm here" because in the absence of the relief sought – barring further transfers of the properties – an award under the FLSA and/or NYLL "may well be a nullity." *Trafalgar Power, Inc. v. Aetna Life Ins. Co.*, 131 F. Supp. 2d 341, 350 (N.D.N.Y 2001).  *Accord Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1146, 1153 (S.D.N.Y. 1990) (citation omitted) (award of money damages "would be meaningless" where, as here, a defendant's "assets may be dissipated before final relief can be granted").

### 3.   The Balance of Hardships and the Public Interest Favor Plaintiff

The balance of the harms decidedly supports injunctive relief. Were the transfers countenanced, Plaintiff risks never being able to recover wages and other amounts rightfully owed to him by Defendants. Defendants, for their part, face no hardship as the temporary injunctions would merely preserve their pre-litigation ownership of these assets. The public interest also favors (1) preventing Defendants from shielding their assets under the circumstances presented here, and (2) making Defendants answerable for their debts.

### 4.   *Grupo Mexicano* Does Not Prevent This Court From Issuing the Requested TRO and Preliminary Injunction

Issuance of the requested TRO and preliminary injunction is not barred by *Grupo Mexicano de Desarollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). There, the Court held that a federal court lacks authority to issue a preliminary injunction freezing a defendant's assets pending adjudication of a contract claim for money damages. *Id.* at 333. *Grupo Mexicano*, however, has no applicability where a plaintiff is pursuing an equitable claim and the interim injunction "is ancillary" to the equitable relief sought. *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014) (internal citation omitted).

Here, Plaintiff seeks equitable relief under the DCL and CPLR contending that, because Defendants have fraudulently conveyed property, the court should issue an order voiding the

transfers, attaching the properties, and restraining the Defendants from disposing of the

properties. *See U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 498 (4th Cir. 1999)

("The complaint's request to void transfers as fraudulent – a form of rescission – is also an

equitable remedy" (citing *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 288 (1940));

*Dong v. Miller*, No. 16-CV-5836 (NGG) (JO), 2018 WL 1445573, at *9 (E.D.N.Y. Mar. 23,

2018) (same). The requested TRO and preliminary injunction are ancillary to this equitable relief

– to provisionally bar further transfers of the properties pending a hearing and trial, and thus are

appropriate.[14] *See* DCL § 279(a); *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212,

220 (1945). Indeed, *Grupo Mexicano* "specifically excepted from [its] rule instances of

fraudulent conveyance." *In re Focus Media Inc.*, 387 F.3d 1077, 1084 (9th Cir. 2004);

*Wimbledon Fund, SPC Class TT v. Graybox*, LLC, 648 F. App'x 701, 702 (9th Cir. 2016);

*Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 628 (6th Cir. 2013); *Iantosca v. Step Plan

Servs., Inc.*, 604 F.3d 24, 33 & 33 n.9 (1st Cir. 2010).[15] And, courts have repeatedly issued

preliminary injunctions sought by parties challenging fraudulent conveyances. *See, e.g.,*

*Iantosca*, 604 F.3d at 33; *In re Focus Media Inc.*, 387 F.3d at 1085; *Paradigm BioDevices, Inc.*,

2013 WL 1915330, at *3; *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 332

(E.D.N.Y. 2009); *Trafalgar Power*, 131 F. Supp. 2d at 350.[16]

---

[14] Freezing the Li Mortgage Proceeds, *see supra* at 15, is also ancillary to the equitable relief Plaintiff seeks under the DCL and CPLR because "to be able to void fraudulent transfers of assets obtained through fraud . . . requires that those assets be preserved." *Rahman*, 198 F.3d at 498. *See also F.T. Int'l, Ltd. v. Mason*, No. CIV.A. 00-5004, 2000 WL 1514881, at *2 (E.D. Pa. Oct. 11, 2000) ("A TRO freezing the claimed funds is a reasonable means to preserve the status quo.").

[15] This situation is thus distinguishable from *Coley*, 2016 WL 7217641, at *4 and *Greuner Med. of NJ PC v. Brown*, No. 17-cv-4569 (AMD) (PKC), 2017 WL 3841856, at *1 (E.D.N.Y. Sept. 1, 2017), neither of which involved underlying equitable claims.

[16] Several courts have noted the unique situation in *JSC Foreign Economic Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 389 (S.D.N.Y. 2003), where the court declined to issue an injunction in an action alleging fraudulent conveyances, because the fraudulent conveyance claim, unlike here, was contingent on the plaintiff's alter ego damage action. *See Iantosca*, 604 F.3d at 33; *Paradigm BioDevices, Inc., v.*

That Plaintiff also brings FLSA and NYLL claims is immaterial. "Even when a plaintiff asserts multiple claims, some sounding in law and others in equity, the court may use its equitable powers to preserve assets if done for the satisfaction of a potential judgment on the equitable claims." *Serio v. Black, Davis & Shue Agency, Inc.*, No. 05-cv-15 (MHD), 2005 WL 3642217, at \*9 (S.D.N.Y. Dec. 30, 2005); *Rahman*, 198 F.3d at 498 ("That money damages are claimed along with equitable relief does not defeat the district court's equitable powers."); *see also Iantosca*, 604 F.3d at 33–34 ("a court may, consistent with *Grupo Mexicano*, issue asset freezing injunctions . . . where both equitable and legal remedies are sought." (internal quotation marks omitted)); *Dong*, 2018 WL 1445573, at \*8 ("[A]s many courts have held, 'where plaintiffs seek both equitable and legal relief in relation to specific funds, a court retains its equitable power to freeze assets'" (quoting *Paradigm BioDevices, Inc.*, 2013 WL 1915330, at \*2)).

\*     \*     \*

In short, the Court should grant Plaintiff's requested interim injunctive relief.[17]

## IV.    AN ORDER REQUIRING DISCLOSURE OF ASSETS IS WARRANTED

CPLR § 6220 provides that "after the granting of an order of attachment and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant." Plaintiff requests that the Court issue an order permitting this type of discovery of Wai Leung Chan and Wai Shun Chan.

---

*Centinel Spine, Inc.*, No. 11-cv-3489 (JMF), 2013 WL 1915330, at \*4 (S.D.N.Y. May 9, 2013); *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 329 n.13 (E.D.N.Y. 2009).

[17] For the reasons noted above, *see supra* at 16 n.10, Plaintiff requests that the Court waive the security requirement under FRCP 65(c). *See Home It, Inc. v. Wen*, No. 19CV7070 (MKB) (VMS), 2020 WL 353098, at \*6 (E.D.N.Y. Jan. 21, 2020) (Chen, J.); *see also Bass v. Richardson*, 338 F. Supp. 478, 490 (S.D.N.Y. 1971).

## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court issue an order as sought in Plaintiff's order to show cause.

Dated:  July 2, 2020

GLADSTEIN, REIF & MEGINNISS, LLP

By: _____
Michael L. Winston (MW 2607)
James Reif (JR 2974)
Jessica Harris (JH 3134)
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
mwinston@grmny.com
jrief@grmny.com
jharris@grmny.com

*Attorneys for Plaintiff*