**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**YONG XIONG HE,**

                                **Plaintiff,**              ECF CASE

                    - versus -                No. 1:19-cv-05907-PKC-CLP

**CHINA NEW STAR RESTAURANT, INC.,**
**WAI SHUN CHAN (a/k/a Vincent Chan),**
**WAI LEUNG CHAN, and**
**WAI WEN CHAN (a/k/a Daniel Chan),**

                                **Defendants.**
-----------------------------------------------------------x

## DECLARATION OF MICHAEL L. WINSTON

Michael L. Winston declares, pursuant to the provisions of 28 U.S.C. § 1746, as follows:

      1.      I am a partner at Gladstein, Reif & Meginniss, LLP ("GRM") which is counsel to Plaintiff Yong Xiong He ("Plaintiff" or "He") in the above-captioned case.

      2.      I submit this declaration in support of Plaintiff's application for an order seeking the relief set forth in the order to show cause, Proposed Supplemental Complaint, and the accompanying memorandum of law.  This issue is raised by order to show cause (rather than by notice of motion) because we seek expedited relief – including through a temporary restraining order – to prevent the further transfers of properties by two individual Defendants and the transferees of the properties as well as to void the transfers and attach the properties and other assets; as we demonstrate in the accompanying papers, the transfers were fraudulent and aimed at frustrating Plaintiff's effort to collect on a likely award in his favor.  No prior application for similar relief has been made by Plaintiff in this case.

      3.      The Complaint in this case was filed on October 18, 2019.  In the Complaint, Plaintiff seeks money damages.  The Complaint asserts that Plaintiff worked for over

six years as a waiter in Defendants' restaurant (China New Star Restaurant, hereinafter the "Restaurant") and during that entire time period Defendants failed to pay him wages, including for overtime worked, in amounts required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") and that Defendants failed to provide Plaintiff with the required written notices of his pay and wage statements, as required by NYLL §§195(1), (3), 198(1-b).  The Complaint is attached hereto as Exhibit E.  A Proposed Supplemental Complaint is attached hereto as Exhibit F.

4. The Complaint was served on all four Defendants on October 22, 2019; answers were due by each Defendant on November 12, 2019. *See* Docket Numbers ("Dkt. Nos.") 8 – 12-1.

5. By email dated November 15, 2019, I was contacted by Allen Wong, an attorney at Lee Anav Chung White Kim Ruger & Richter LLP.  Mr. Wong informed me that he had been contacted by Defendants regarding his potential retention as counsel for them and asked for an "extension of the time to respond, to allow them time to retain counsel (whether myself or another attorney) and prepare a response."  I informed Mr. Wong that Plaintiff would agree to an extension until November 20, 2019.  On that same date, Mr. Wong informed me that Defendants did not retain him.

6. On November 22, 2019, I sent an overnight letter to each of the Defendants informing them that Plaintiff was providing them until November 29, 2019 to file an answer and, were no answer filed by then, would seek entry of a default judgment.

7. By email dated November 26, 2019, I was contacted by Bradley S. Silverbush of Rosenberg & Estis, P.C., stating that he had been retained by Defendants.  Mr. Silverbush asked for an extension until December 4, 2019 to file an Answer.  By email of the

same date, I agreed to the requested extension. Mr. Silverbush then filed a letter motion of November 26, 2019 with the Court requesting an extension until December 4 for filing Defendants' Answer, *see* Dkt. No. 13, which the Court granted on November 27, 2019. Defendants filed their Answer (a single Answer for all four Defendants) on December 4, 2019, *see* Dkt. No. 16, and an Amended Answer on January 7, 2020, *see* Dkt. No. 19.

        8.        The parties submitted a Joint Status Letter to the Court on December 20, 2019.

        9.        On January 23, 2020, Yimin Chen of Chen & Associates, P.C. submitted a motion for substitution of counsel for Defendants. By Order dated January 27, 2020, the Court granted this motion, *see* Dkt. No. 25.

        10.        The initial court conference in this case occurred on February 12, 2020. *See* Court Notice of January 24.

        (a)        At the February 12 conference, I informed Magistrate Judge Cheryl Pollak and Defendants' counsel that, (i) the parties had previously engaged in settlement negotiations, but had not reached a resolution of the case, (ii) the then counsel for Defendants (Mr. Silverbush) had provided me with summary sheets of wages paid and hours worked allegedly concerning Plaintiff's work at the Restaurant and W-2 tax forms issued by Defendant China New Star Restaurant, Inc. purportedly related to Plaintiff's Restaurant employment covering the period from 2013 to 2018, and (iii) I had informed Mr. Silverbush that these summary sheets and W-2 forms were inadequate and that I needed the underlying Restaurant employment records for Plaintiff, such as the wage statements Defendants were required to provide Plaintiff and maintain under New York Labor Law. The W-2 tax forms provided by Mr.

Silverbush showed taxes purportedly withheld from Plaintiff's wages while employed at the Restaurant.

        (b)    At the February 12 conference, the Court ordered Defendants to provide records to Plaintiff by April 3, 2020 and set May 6, 2020 for the next court conference, to discuss settlement. *See* Minute Entry of February 12, 2020.

        11.    On April 3, 2020, Defendants' counsel produced to me the same summary documents and W-2 forms that Mr. Silverbush previously provided; but she did not provide any underlying documents, as I had requested. By email of April 6, 2020, I informed Ms. Chen that I had previously told her that these summary documents and tax forms had previously been provided by Defendants' prior counsel and that they were inadequate; I further informed her that I needed the underlying payroll wage statement documents. In her email response of April 6, she stated that she "was not aware that [these documents] had been provided to [me] previously" and that she "will try to get in touch with [her] clients and get back to [me] as soon as possible." I did not hear further from Ms. Chen and Defendants did not produce any additional documents prior to the May 6, 2020 court conference.

        12.    During the May 6 court conference, held by telephone, Ms. Chen informed Magistrate Judge Pollak that she had been unable to meet with her clients because of the COVID-19 pandemic. By Minute Entry dated May 7, 2020, the Court noted this and also ordered the parties to exchange initial disclosures and serve written discovery requests by June 6, 2020**.** This Minute Entry also scheduled a court teleconference for June 11, 2020.

        13.    Attached hereto as Exhibit A is a true and correct copy of Defendants' initial disclosures served on June 6, 2020. Note that in paragraph B. of their initial disclosure, Defendants only list, as documents that they may use in their defense, the same summary

4

documents and W-2 forms previously produced to Plaintiff on April 3, 2020.  Defendants also state in their initial disclosure that "Defendants do not clam any damages in this action."

        14.     In connection with this case, I asked a GRM law clerk, Maura Moosnick, to conduct research regarding assets held by the individual Defendants in this case.  *See* accompanying Declaration of Maura Moosnick.  It was during a recent review that we uncovered that two individual Defendants – Wai Leung Chan and Wai Shun Chan – had engaged in the five conveyances of property that are the subject of the instant request for a court order.  The research did not reveal any property held by these two individual Defendants in New York State other than those that they transferred or assigned and we are unaware of any other properties held by these Defendants elsewhere.  I thereafter asked a GRM legal assistant, Thomas Curtin, to conduct follow-up research regarding the five properties conveyed and the transferees, *See* accompanying Declaration of Thomas Curtin.

        15.     I also performed research regarding the Defendants.  For example:

    a.    I reviewed the liquor license connected to the Restaurant.  This license lists Wai Leung Chan and Wai Shun Chan as the Restaurant's "principals" of the premises of "China New Star Restaurant, Inc."  *See* Ex. B, hereto.  This liquor license is contained on the New York State Liquor Authority website found here: https://www.tran.sla.ny.gov/servlet/ApplicationServlet?pageName=com.ibm.nysla.data.publicquery.PublicQuerySuccessfulResultsPage&validated=true&serialNumber=1012454&licenseType=OP

    b.    I reviewed the NY State Department of State data base of business entity information; on this website, for China New Star Restaurant, Inc., Wai Shun Chan is listed as the Chief Executive Officer; *see* Ex. C, hereto.  This website with this information CEO information for China New Star Restaurant, Inc. is found here: https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token=F13DD5951EA9F6050ADFBF402EBE8668DC82F6A577EEA1F49E4CEF7914B3B123B8126A8DDA0180C4178373B4DEC5FF7F&p_nameid=92CA450E0070EF47&p_corpid=61A83CE353521C28&p_captcha=14665&p_captcha_check=F13DD5951EA9F6050ADFBF402EBE8668DC82F6A577EEA1F49E4CEF7914B

    [3B123A6DE01747A7B29CB73D785D9784E5367&p_entity_name=%43%68%69%6E%61%20%4E%65%77%20%53%74%61%72%20%52%65%73%74%61%75%72%61%6E%74%2C%20%49%6E%63%2E&p_name_type=%41&p_search_type=%42%45%47%49%4E%53&p_srch_results_page=0](#)

  c. In September 2019, I reviewed buzzfile, an online data base of company information, regarding China New Star Restaurant. at [http://www.buzzfile.com/business/China-New-Star-Restaurant-718-338-9085](http://www.buzzfile.com/business/China-New-Star-Restaurant-718-338-9085). The buzzfile page, Ex. D, hereto, indicated that the Restaurant had revenue of $591,179 and 25 employees.

  16. In connection with the instant request for a court order regarding the conveyed assts, I asked another GRM paralegal, Alexander Ritz, to calculate Plaintiff's damages for this case. His calculation, which yielded a damage amount of $439,521, without attorney's fees and costs, is attached as Exhibit A to the accompanying Declaration of Alexander J. Ritz. I have reviewed the attorney's fees and costs incurred by GRM in this case. As of May 31, 2020, these fees and costs exceeded $38,366, not including fees and costs associated with the instant motion.

  I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on: July 2, 2020         _____
New York, New York           Michael L. Winston