# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**----------------------------------------------------------x**
**YONG XIONG HE,**

                              **Plaintiff,**          **ECF CASE**

              **- versus -**                      **No. 1:19-cv-05907-PKC-CLP**

**CHINA NEW STAR RESTAURANT, INC.,**
**WAI SHUN CHAN (a/k/a Vincent Chan),**
**WAI LEUNG CHAN,**
**WAI WEN CHAN (a/k/a Daniel Chan),**
**PO KUM CHAN (a/k/a Po Kum Ng),**
**RONALD CHAN, ROY CHAN, JIAZHEN LIAO,**
**CHING MAN HONG CHAN**
**(a/k/a Hong Ching Man Chan),**
**JOSEPH CHAN and ELTON CHAN,**

                              **Defendants.**
**----------------------------------------------------------x**

## PROPOSED SUPPLEMENTAL COMPLAINT

Plaintiff Yong Xiong He ("Plaintiff" or "He"), complaining of defendants China New Star Restaurant, Inc. (the "Defendant Corporation"), Wai Shun Chan a/k/a Vincent Chan ("Wai Shun"), Wai Leung Chan ("Wai Leung"), Wai Wen Chan a/k/a Daniel Chan ("Wai Wen"), Po Kum Chan a/k/a Po Kum Ng, Ronald Chan, Roy Chan, Jiazhen Liao, Ching Man Hong Chan, a/k/a Hong Ching Man Chan, Joseph Chan and Elton Chan, alleges and states as follows:

### SUMMARY OF ACTION

1.  On October 18, 2019, Plaintiff filed a complaint (the "Complaint" or the "Original Action") seeking monetary, declaratory and other appropriate relief to redress violations of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§ 201, et seq., and Articles 6 and 19 of the New York Labor Law ("NY Labor Law") and regulations promulgated thereunder.

2.  Plaintiff brought his Original Action against the Defendant Corporation and against individual Defendants Wai Shun, Wai Leung, and Wai Wen (collectively, these four Defendants are hereinafter referred to as the "Original Defendants").  Plaintiff was employed for over six years by the Original Defendants as a waiter in their restaurant, China New Star Restaurant (the "Restaurant").

3.  The FLSA and NY Labor Law violations arose from, *inter alia*, the failure of the Original Defendants, (a) to pay Plaintiff wages at or above the applicable minimum wage rates established by the FLSA and NY Labor Law and regulations promulgated thereunder; (b) to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for time worked in excess of forty hours in a week, as required by the FLSA and NY Labor Law and regulations promulgated thereunder; (c) to provide Plaintiff with the required written notice, in English and in Plaintiff's primary language, of Plaintiff's rate of pay, regular payday, and such other information as required by NY Labor Law and regulations promulgated thereunder; and (d) to furnish Plaintiff with an accurate statement of wages, together with each payment of wages, listing gross wages, deductions and net wages, and such other information as required by NY Labor Law.

4.  After the filing and service of the Complaint, individual Defendants Wai Shun and Wai Leung transferred large financial interests held by one or both of them in five valuable property assets (the "Five Properties") to one or more family members – Defendants Po Kum Chan a/k/a Po Kum Ng, Ronald Chan, Roy Chan, Jiazhen Liao, Ching Man Hong Chan, a/k/a Hong Ching Man Chan, Joseph Chan and Elton Chan (collectively, the "New Defendants") – without receiving consideration.  This Supplemental Complaint – supplementing the Complaint –

2

seeks: (a) under Article 10 of the New York Debtor and Creditor Law, §§270-281 ("DCL"),[1] to restrain Defendants from disposing of the Five Properties and set aside the conveyances of the Properties, (b) under New York Civil Practice Law and Rules ("CPLR") § 6201(3), to attach the Properties, the proceeds of one of the Properties (the "Mortgage Proceeds"), and all of the assets of Wai Shun and Wai Leung, and (c) under Federal Rule of Civil Procedure 65, to provisionally enjoin transfer of the Mortgage Proceeds and any transfer of the Five Properties as is necessary to secure a likely judgment under this Supplemental Complaint and in the Original Action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the New York Debtor and Creditor Law claims asserted herein pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims in the Original Action that they form part of the same case or controversy under Article III of the U.S. Constitution. This Court has jurisdiction of Plaintiff's federal causes of action in his Complaint pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

6. Venue lies in this District because (a) a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, (b) one or more Defendants resides in this District and, on information and belief, all defendants are New York residents, and (c) one or more Defendants may be found in this District.

## THE PARTIES

7. Plaintiff is as set forth in the Complaint ¶ 5.

---

[1] The New York Debtor and Creditor Law was amended and reorganized effective April 4, 2020. This Supplemental Complaint, however, references the prior version of the law here because the transactions at issue took place prior to April 2020. *See* McKinney's 2019 Session Law News of NY Ch. 580 [A. 5622] § 7 ("This act shall take effect one hundred twenty days after it shall have become a law, and shall apply to a transfer made or obligation incurred on or after such effective date, but shall not apply to a transfer made or obligation incurred before such effective date, nor shall it apply to a right of action that has accrued before such effective date."); *see also Yuan Bo Lai v. Pu Ti Buddhist Ass'n*, 2020 NY Slip Op 31509(U), 2020 N.Y. Misc. LEXIS 2243, at *1 n.1 (N.Y. Sup. Ct., Kings Cnty. May 20, 2020).

8.  The Original Defendants are as set forth in the Complaint ¶¶ 6-12.

9.  On information and belief and at all times relevant hereto, Po Kum Chan a/k/a Po Kum Ng was and is the wife of Wai Leung Chan.  On information and belief, Po Kum Chan resides at 6309 Strickland Avenue, Brooklyn, New York.

10.  On information and belief and at all times relevant hereto, Ronald Chan was and is a relative of Wai Leung Chan.  On information and belief, Ronald Chan resides at 70 Washington Street, Brooklyn New York, in Unit 6Q.

11.  On information and belief and at all times relevant hereto, Roy Chan was and is a relative of Wai Leung.  On information and belief, Roy Chan resides at 8119 6th Avenue, Brooklyn, New York.

12.  On information and belief and at all times relevant hereto, Jiazhen Liao was and is the wife of Roy Chan.  On information and belief, Jiazhen Liao resides at 8119 6th Avenue, Brooklyn, New York.

13.  On information and belief and at all times relevant hereto, Ching Man Hong Chan, a/k/a Hong Ching Man Chan, was and is the wife of Wai Shun Chan.   On information and belief, Ching Man Hong Chan resides at 8804 16th Avenue, Brooklyn, New York.

14.  On information and belief and at all times relevant hereto, Joseph Chan was and is a relative of Wai Shun Chan.  On information and belief, Joseph Chan resides at 8804 16th Avenue, Brooklyn, New York.

15.  On information and belief and at all times relevant hereto, Elton Chan was and is a relative of Wai Shun Chan.  On information and belief, Elton Chan resides at 8804 16th Avenue, Brooklyn, New York.

## STATEMENT OF FACTS

### Developments Since the Filing of the Complaint

<u>Defendants Ask For Additional Time to File Their Answer</u>

16.  The Complaint, which was filed on October 18, 2019, was served on each of the Original Defendants by October 22, 2019; Answers were due on November 12, 2019.  No Answer was filed by that date.  On November 15, 2019 and then again on November 26, 2019, attorneys (from separate law firms) contacted Plaintiff's counsel by email and requested additional time for the Original Defendants to file an Answer.  The attorney who contacted Plaintiff's counsel on November 26, 2019 informed Plaintiff's counsel that he had been retained by the Original Defendants; he also requested that the Original Defendants have until December 4, 2019 to file their Answer.  After Plaintiff's counsel agreed to that request, Defendants' counsel filed a letter motion dated November 26, 2019 with the Court requesting that the Original Defendants have until December 4, 2019 to file their Answer.  The Court granted this motion on November 27, 2019.  Defendants filed their Answer on December 4, 2019 and filed an Amended Answer on January 7, 2020 (the "Am. Ans.").

<u>Defendants' Fraudulent Transfers</u>

17.  On November 25, 2019 and November 27, 2019, two of the Original Defendants – Wai Shun and Wai Leung, who (with Wai Wen) controlled the Defendant Corporation and the Restaurant employees' terms and conditions of employment, *see* Compl. ¶¶ 6-11 – fraudulently conveyed the Five Properties to one or more of the New Defendants and/or undertook these transfers to hinder or delay Plaintiff's ability to collect on a likely judgment in his favor.  These transfers were:

   a.  **6309 Strickland Avenue, Brooklyn, NY (the "Strickland Ave. Property")**:

    i.    On July 10, 2007, Wai Leung and Po Kum Chan, as husband and wife, purchased the Strickland Ave. Property – a one-family residential – for $560,000.  On information and belief, Wai Leung or Po Kum Chan never took out a mortgage in connection with the Strickland Ave. Property.

    ii.    On November 25, 2019, Wai Leung and Po Kum Chan transferred the Strickland Ave. Property to Po Kum Chan.  The November 25, 2019 deed of this transfer states that Po Kum Chan obtained the Strickland Ave. Property "in consideration of ten dollars and other valuable consideration" and for a sale price of "$0".

**b.  70 Washington Street, Brooklyn NY, Unit 6Q (the "Condo"):**

    i.    On June 22, 2016, Wai Leung Chan and Po Kum Chan, as husband and wife, purchased this Condo unit for $965,000.

    ii.    On June 22, 2016, Wai Leung and Po Kum Chan took out at a mortgage on this Property with JPMorgan Chase for $319,000.  On information and belief, this mortgage continues in effect and Wai Leung was never relieved of his obligations under this mortgage.

    iii.    On November 25, 2019, Wai Leung and Po Kum Chan transferred the Condo to Po Kum Chan and Ronald Chan.  The November 25, 2019 deed of this transfer states that Po Kum Chan and Ronald Chan obtained the Condo "in consideration of ten dollars and other valuable consideration," and for a sale price of "$0".  This deed lists the sale as one "Between Relatives or Former Relatives."

**c.  8119 6th Avenue, Brooklyn, NY (the "6th Ave. Property"):**

i.   On August 20, 2013, Wai Leung, Po Kum Chan and Roy Chan purchased the 6th Ave. Property – a two-family dwelling – for $979,000.  Through this purchase, Wai Leung and Po Kum Chan held 50% of the 6th Ave. Property by tenancy-by-the-entirety and Roy Chan held the other 50%. The August 20, 2013 deed of this purchase lists Wai Leung and Po Kum Chan a/k/a Po Kum Ng as husband and wife.

ii.   On November 25, 2019, Wai Leung Chan, Po Kum Chan and Roy Chan transferred the two-family residential 6th Ave. Property to Roy Chan and Jiazhen Liao, who in the November 25, 2019 deed of this transfer, is described as Roy Chan's wife.  This deed further states that Roy Chan and Jiazhen Liao obtained the 6th Ave. Property "in consideration of ten dollars and other valuable consideration" and for a sale of "$0".  This deed also states that the sale is "Between Relatives or Former Relatives."  On information and belief, at the time of this transfer, the equity held by the sellers of the property was at least $451,000.

**d.   8804 16th Avenue, Brooklyn , NY (the "16th Ave. Property"):**

i.   Wai Shun has held an interest in this one-family residential 16th Ave. Property since December 1988.  On January 27, 2010, the 16th Ave. Property was transferred to Wai Shun and Ching Man Hong Chan, a/k/a Hong Ching Man Chan, as husband and wife.

ii.   On November 25, 2019, Wai Shun and Ching Man Hong Chan transferred this one-family 16th Ave. Property to Ching Man Hong-Chan and Joseph Chan, as joint tenants with right of survivorship.  The November 25, 2019

deed of this transfer states that Ching Man Hong-Chan and Joseph Chan

obtained the 16th Ave. Property "in consideration of ten dollars and other

valuable consideration" and for a sale price of "$0".  The deed further

states that the transfer was a "Sale Between Relatives and Former

Relatives."  On information and belief, at the time of this transfer, there

was no mortgage on the 16th Ave. Property.

**e.  <u>Mortgage of Kristy Li:</u>**

i.  On September 4, 2014, Kristy Ling Feng Li ("Kristy Li") purchased a

two-family dwelling located at 7814 16th Avenue, Brooklyn, NY.  On

September 1, 2019, Kristy Li received a $600,000 loan from Wai Leung

and Wai Shun, pledging the 7814 16th Avenue Brooklyn NY property (the

pledge and loan are hereinafter referred to as the "Li Mortgage").  Under

the terms of the Li Mortgage, Kristy Li was to pay Wai Leung and Wai

Shun $6,661.23 per month for ten years.

ii.  On November 27, 2019, Wai Leung and Wai Shun assigned the Li

Mortgage to Po Kum Chan, Wai Leung's wife, and Elton Chan, a relative

of Wai Shun, for "consideration of ten ($10)," meaning that the monthly

Li Mortgage Proceed payments would thereafter be made to Po Kum Chan

and Elton Chan, not to Original Defendants Wai Leung or Wai Shun.  The

assignment of the Li Mortgage states that, at the time of this assignment,

$592,659.23 in principal remained on the loan under the Li Mortgage.

18.   On information and belief, individual Defendants Wai Leung and Wai Shun do not hold an interest in other real properties or mortgages (namely, mortgages where Wai Leung or Wai Shun, or both receive loan payments from one or more loanees).

19.   Plaintiff's liability in this case is currently calculated to be $439,521, with attorney's fees and costs of more than $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion.

20.   On information and belief, Wai Leung and Wai Shun, in conveying the Five Properties without receiving any consideration, were rendered insolvent, as that term is defined in DCL Section 271(1).   On information and belief, Wai Leung and Wai Shun, in conveying the Five Properties without receiving any consideration, intended or believed that one or both would incur debts – such as a judgment in the Original Action – beyond his or their ability to pay the debts as they mature.   *See generally* ¶ 18, above.

21.   The transfers of the Five Properties, as described in ¶ 17, above, threaten irreparable harm to Plaintiff because the relief Plaintiff seeks in the Complaint may well be a nullity should the assets of Wai Leung and Wai Shun and the Mortgage Proceeds be dissipated before final relief is granted, particularly if these two Original Defendants and/or the New Defendants are able to re-convey the Five Properties and/or the Mortgage Proceeds to third parties.   In addition, as shown in the accompanying memorandum of law (submitted in support of, among other things, Plaintiff's request for leave to file this Supplemental Complaint) :  (a) Plaintiff is likely to succeed on the merits of his causes of action under this Supplemental Complaint and the Complaint; (b) the balance of hardships tips in the Plaintiff's favor; and (c) the public interest would not be disserved by an Order restraining Defendants from selling,

transferring, conveying, assigning or otherwise disposing of the Five Properties and the proceeds of the Li Mortgage pending a final order in this case.

22.  Plaintiff is a creditor of the Original and New Defendants under the DCL and, with regard to these Defendants, is a plaintiff who is seeking a money "judgment that might be rendered in [his] favor," under CPLR Section 6201(3).

**FIRST CAUSE OF ACTION:**
**<u>FRAUDULENT TRANSFER OF THE STRICKLAND AVE. PROPERTY</u>**

23.  Plaintiff repeats and incorporates herein Paragraphs 1–21, above.

24.  The transfer of the Strickland Ave. Property on November 25, 2019 was a fraudulent conveyance and/or was intended to hinder, delay or defraud Plaintiff in his ability to collect on a likely judgment in his favor within the meaning of DCL Sections 273, 275 and 276 and/or CPLR Section 6201(3).

25.  Wai Leung transferred his interest in the Strickland Ave. Property to Po Kum Chan without receiving fair consideration in exchange for the transfer of his interest and Wai Leung intended to incur or believed that he would incur debts – meaning a judgment in favor of Plaintiff under the Complaint – beyond Wai Leung's ability to pay them when they become due.

26. Accordingly, pursuant to Section 279(a), (c), (d) of the New York Debtor and Creditor Law and CPLR Section 6201(3), an order is warranted that:

    a.  Sets aside the transfer of the Strickland Ave. Property on November 25, 2019;

    b.  Restrains the Wai Leung and Po Kum Chan from disposing of this Property; and

    c.  Attaches the Strickland Ave. Property,

in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending satisfaction of a judgment in this case.

### SECOND CAUSE OF ACTION:
### <u>FRAUDULENT TRANSFER OF THE CONDO</u>

27.  Plaintiff repeats and incorporates herein Paragraphs 1–21, above.

28.  The transfer of the Condo on November 25, 2019 was a fraudulent conveyance and/or was intended to hinder, delay or defraud Plaintiff in his ability to collect on a likely judgment in his favor within the meaning of DCL Sections 273, 275 and 276 and/or CPLR Section 6201(3).

29.  Wai Leung transferred his interest in the Condo to Po Kum Chan and Ronald Chan without receiving fair consideration in exchange for the transfer of his interest and Wai Leung intended to incur or believed that he would incur debts – meaning a judgment in favor of Plaintiff under the Complaint – beyond Wai Leung's ability to pay them when they become due.

30. Accordingly, pursuant to Section 279(a), (c), (d) of the New York Debtor and Creditor Law and CPLR Section 6201(3), an order is warranted that:

    a.  Sets aside the transfer of the Condo on November 25, 2019;

    b.  Restrains the Wai Leung, Po Kum Chan and Ronald Chan from disposing of this Property; and

    c.  Attaches the Condo,

in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without

accounting for attorney's fees and costs related to bringing the instant motion – and pending satisfaction of a judgment in this case.

**THIRD CAUSE OF ACTION:**
**<u>FRAUDULENT TRANSFER OF THE 6TH AVE. PROPERTY</u>**

31. Plaintiff repeats and incorporates herein Paragraphs 1–21, above.

32. The transfer of the 6th Ave. Property on November 25, 2019 was a fraudulent conveyance and/or was intended to hinder, delay or defraud Plaintiff in his ability to collect on a likely judgment in his favor within the meaning of DCL Sections 273, 275 and 276 and/or CPLR Section 6201(3).

33. Wai Leung transferred his interest in the 6th Ave. Property to Roy Chan and Jiazhen Liao without receiving fair consideration in exchange for the transfer of his interest and Wai Leung intended to incur or believed that he would incur debts – meaning a judgment in favor of Plaintiff under the Complaint – beyond Wai Leung's ability to pay them when they become due.

34. Accordingly, pursuant to Section 279(a), (c), (d) of the New York Debtor and Creditor Law and CPLR Section 6201(3), an order is warranted that:

    a.   Sets aside the transfer of the 6th Ave. Property on November 25, 2019;

    b.   Restrains the Wai Leung, Po Kum Chan, Roy Chan and Jiazhen Liao from disposing of this Property; and

    c.   Attaches the 6th Ave. Property

in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending satisfaction of a judgment in this case.

## FOURTH CAUSE OF ACTION:
## <u>FRAUDULENT TRANSFER OF THE 16TH AVE. PROPERTY</u>

35.  Plaintiff repeats and incorporates herein Paragraphs 1–21, above.

36.  The transfer of the 16th Ave. Property on November 25, 2019 was a fraudulent conveyance and/or was intended to hinder, delay or defraud Plaintiff in his ability to collect on a likely judgment in his favor within the meaning of DCL Sections 273, 275 and 276 and/or CPLR Section 6201(3).

37.  Wai Shun transferred his interest in the 16th Ave. Property to Ching Man Hong-Chan and Joseph Chan without receiving fair consideration in exchange for the transfer of his interest and Wai Shun intended to incur or believed that he would incur debts – meaning a judgment in favor of Plaintiff under the Complaint – beyond Wai Shun's ability to pay them when they become due.

38. Accordingly, pursuant to Section 279(a), (c), (d) of the New York Debtor and Creditor Law and CPLR Section 6201(3), an order is warranted that:

    a.   Sets aside the transfer of the 16th Ave. Property on November 25, 2019;

    b.   Restrains the Wai Leung, Ching Man Hong-Chan and Joseph Chan from disposing of this Property; and

    c.   Attaches the 16th Ave. Property,

in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending satisfaction of a judgment in this case.

## FIFTH CAUSE OF ACTION:
## <u>FRAUDULENT TRANSFER OF THE LI MORTGAGE</u>

39. Plaintiff repeats and incorporates herein Paragraphs 1–21, above.

40. The transfer and assignment of the Li Mortgage on November 27, 2019 was a was a fraudulent conveyance and/or was intended to hinder, delay or defraud Plaintiff in his ability to collect on a likely judgment in his favor within the meaning of DCL Sections 273, 275 and 276 and/or CPLR Section 6201(3).

41. Wai Leung and Wai Shun transferred and assigned their interest in the Li Mortgage to Po Kum Chan and Elton Chan without receiving a reasonably equivalent value in exchange for the transfer of their interest and Wai Leung and Wai Shun each intended to incur or believed that he would incur debts – meaning a judgment in favor of Plaintiff under the Complaint – beyond Wai Leung and Wai Shun's ability to pay this debt when it becomes due.

42. Because of the fraudulent transfer and assignment of the Li Mortgage, Po Kum Chan and Elton Chan improperly and/or knowingly received Mortgage Proceeds – monthly payments under the Li Mortgage that should have been paid to Wai Leung and Wai Shun – and Wai Leung and Wai Shun, who have demonstrated their intent and willingness to defraud Plaintiff by fraudulently transferring, assigning, disposing of, or secreting property, will receive Mortgage Proceeds, following any order setting aside the transfer and assignment of the Li Mortgage.

43. Accordingly, pursuant to Section 279(a), (c), (d) of the New York Debtor and Creditor Law and CPLR Section 6201(3), an order is warranted that:

    a. Sets aside the transfer and assignment of the Li Mortgage on November 27, 2019;

    b. Restrains Wai Leung, Wai Shun, Po Kum Chan and Elton Chan from disposing of the Li Mortgage;

    c.   Attaches the Li Mortgage; and,

    d.   Attaches all monthly Mortgage Proceed payments under the Li Mortgage that were and/or will be made to (i) Po Kum Chan and Elton Chan and (ii) Wai Leung and Wai Shun,

in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending satisfaction of a judgment in this case.

**SIXTH CAUSE OF ACTION:**
**<u>ATTACHMENT OF THE PROPERTY OF WAI LEUNG AND WAI SHUN</u>**

44.  Plaintiff repeats and incorporates herein Paragraphs 1–42, above.

45.  Wai Leung and Wai Shun have demonstrated their intent and willingness to defraud Plaintiff by fraudulently transferring, assigning, disposing of, or secreting property.

46.  CPLR Section 6201(3) allows for attachment of a defendant's real and personal property where, as here, a money judgment will likely issue in Plaintiff's favor, *see* ¶ 16, above and the Complaint.

47.  Accordingly, pursuant to CPLR Section 6201(3), an order is warranted that attaches all property of Wai Leung and Wai Shun, including any other real property beyond the Five Properties, bank accounts, stocks and bonds, instruments, and other personal property, in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending satisfaction of a judgment in this case.

**SEVENTH CAUSE OF ACTION:**

## **INTERIM INJUNCTIVE RELIEF**

48.  Plaintiff repeats and incorporates herein Paragraphs 1–46, above.

49.  Wai Leung, Wai Shun and the New Defendants engaged in the transfers of the Five Properties as described in ¶¶ 17-21, above, and will continue to assign, dispose of, or secrete these Properties unless their actions are temporarily restrained.

50.  Po Kum Chan and Elton Chan improperly and knowingly received Mortgage Proceeds under the Li Mortgage and Wai Leung and Wai Shun, who have demonstrated their intent and willingness to defraud Plaintiff by fraudulently transferring, assigning, disposing of, or secreting property, will receive Mortgage Proceeds, following any order setting aside the transfer and assignment of the Li Mortgage.

51. An immediate temporary restraining order is warranted under Federal Rule of Civil Procedure 65 and Sections 279(a) and (d) of the New York Debtor and Creditor Law pending any hearing restraining these Defendants from further transferring the Five Properties and freezing all Mortgage Proceeds received by Po Kum Chan, Elton Chan, Wai Leung or Wai Shun at any time – in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending a hearing on Plaintiff's motion.

52. Following any hearing and issuance of an order voiding the transfers of the Five Properties and attaching these Properties, a preliminary injunction is warranted under Federal Rule of Civil Procedure 65 and Sections 279(a) and (d) of the New York Debtor and Creditor Law restraining these Defendants from further transferring the Five Properties and freezing all Mortgage Proceeds received by Po Kum Chan, Elton Chan, Wai Leung or Wai Shun at any time

16

on or after November 27, 2019 – in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending a judgment in this case.

53.  Following any judgment in this case, a permanent restraining order is warranted as equitable relief under Sections 279(a) and (d) of the New York Debtor and Creditor Law restraining these Defendants from further transferring the Five Properties and freezing all Mortgage Proceeds received by Po Kum Chan, Elton Chan, Wai Leung or Wai Shun at any time – in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending satisfaction of a judgment in this case.

## RELIEF

WHEREFORE, Plaintiff request the following relief:

A.  An order setting aside Wai Leung's November 25, 2019 transfer of his interest in the Strickland Ave. Property to Po Kum Chan;

B.  An order attaching the Strickland Ave. Property;

C.  An order restraining Wai Leung and Po Kum Chan from selling, transferring, conveying, or otherwise disposing of the Strickland Ave. Property;

D.  A temporary restraining order immediately enjoining Wai Leung and Po Kum Chan from transferring the Strickland Ave. Property prior to any hearing on Plaintiff's motion;

E.  A preliminary injunction (pending entry of a final judgment in this case) enjoining Wai Leung and Po Kum Chan from transferring the Strickland Ave. Property;

F.  An order setting aside Wai Leung's November 25, 2019 transfer of his interest in the Condo to Po Kum Chan and Ronald Chan;

G.  An order attaching the Condo;

H.  An order restraining Wai Leung, Po Kum Chan and Ronald Chan from selling, transferring, conveying, or otherwise disposing of the Condo;

I.  A temporary restraining order immediately enjoining Wai Leung, Po Kum Chan and Ronald Chan from transferring the Condo prior to a hearing;

J.  A preliminary injunction (pending entry of a final judgment in this case) enjoining Wai Leung, Po Kum Chan and Ronald Chan from transferring the Condo;

K.  An order setting aside Wai Leung's November 25, 2019 transfer of his interest in the 6th Ave. Property to Roy Chan and Jiazhen Liao;

L.  An order attaching the 6th Ave. Property;

M.  An order restraining Wai Leung, Roy Chan and Jiazhen Liao from selling, transferring, conveying, or otherwise disposing of the 6th Ave. Property;

N.  A temporary retraining order immediately enjoining Wai Leung, Roy Chan and Jiazhen Liao from transferring the 6th Ave. Property prior to a hearing;

O.  A preliminary injunction (pending entry of a final judgment in this case) enjoining Wai Leung, Roy Chan and Jiazhen Liao from transferring the 6th Ave. Property;

P.  An order setting aside Wai Shun's November 25, 2019 transfer of his interest in the 16th Ave. Property to Ching Man Hong-Chan and Joseph Chan;

Q.  An order attaching the 16th Ave. Property;

R. An order restraining Wai Shun, Ching Man Hong-Chan and Joseph Chan from selling, transferring, conveying, or otherwise disposing of the 16th Ave. Property;

S. A temporary restraining order immediately enjoining Wai Shun, Ching Man Hong-Chan and Joseph Chan from transferring the 16th Ave. Property prior to a hearing;

T. A preliminary injunction (pending entry of a final judgment in this case) enjoining Wai Shun, Ching Man Hong-Chan and Joseph Chan from transferring the 16th Ave. Property;

U. An order setting aside the November 27, 2019 assignment and transfer of the Li Mortgage from Wai Leung and Wai Shun to Po Kum Chan and Elton Chan;

V. An order attaching the Li Mortgage;

W. An order restraining Wai Leung, Wai Shun, Po Kum Chan and Elton Chan from selling, transferring, conveying, or otherwise disposing of or assigning  the Li Mortgage;

X. A temporary restraining order immediately enjoining Wai Leung, Wai Shun, Po Kum Chan and Elton Chan from assigning or otherwise transferring the Li Mortgage or its Proceeds prior to a hearing;

Y. A preliminary injunction (pending entry of a final judgment in this case) enjoining Wai Leung, Wai Shun, Po Kum Chan and/or Elton Chan from assigning or otherwise transferring the Li Mortgage or its Proceeds;

Z. An order attaching all monthly Mortgage Proceed payments under the Li Mortgage that were or are made to Po Kum Chan and Elton Chan;

AA.  An order attaching all monthly Mortgage Proceed payments under the Li Mortgage that were or are made to Wai Leung and Wai Shun;

BB.  An order attaching all property of Wai Leung and Wai Shun, including real property, bank accounts, stocks and bonds, instruments, and other personal property;

CC.  With the relief requested in paragraphs A. to BB., above, in an amount not to exceed Plaintiff's liability in this case – currently calculated to be $439,521, with attorney's fees and costs of $38,366 as of May 31, 2020, without accounting for attorney's fees and costs related to bringing the instant motion – and pending, (a) satisfaction of a judgment in this case, (b) a hearing on Plaintiff's motion (for the temporary restraining order), or (c) final judgment (for the Preliminary injunctive relief);

DD.  An order under CPLR Section 6220 directing Wai Leung and Wai Shun to disclose (a) all property in which each had an interest, and (b) any debts owing to each, in either situation since the commencement of the instant case;

EE.  Costs, disbursements and reasonable attorney's fees; and

FF.  Such other and further relief as maybe just and proper.

Dated:  July __, 2020

                                    GLADSTEIN, REIF & MEGINNISS, LLP

By:       _____

                                    Michael L. Winston (MW 2607)
                                    James Reif (JR 2974)
                                    Jessica Harris (JH 3134)
                                    39 Broadway, Suite 2430
                                    New York, New York 10006
                                    (212) 228-7727
                                    mwinston@grmny.com
                                    jreif@grmny.com
                                    jharris@grmny.com

                                    *Attorneys for Plaintiff*