```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YONG XIONG HE,

                        Plaintiffs,                          MEMORANDUM & ORDER
         - against -                                         19-CV-5907 (PKC) (CLP)

CHINA NEW STAR RESTAURANT, INC.,
WAI SHUN CHAN, WAI LEUNG CHAN,
WAI WEN CHAN, PO KUM CHAN,
RONALD CHAN, ROY CHAN, JIAZHEN
LIAO, CHING MAN HONG CHAN, JOSEPH
CHAN, and ELTON CHAN,

                        Defendants.
-------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Upon the annexed declarations of Yong Xiong He, Daniel Mei, Thomas Curtin, Maura Moosnick, Alex J. Ritz, and the exhibits annexed thereto; and the declaration of Michael L. Winston ("Winston Decl."), and the exhibits annexed thereto, including the Complaint (Dkt. 1) and the Supplemental Complaint (Dkt. 36), which adds claims and seeks relief under Article 10 of the New York Debtor and Creditor Law ("DCL") §§270-281 and joins PO KUM CHAN A/K/A PO KUM NG, RONALD CHAN, ROY CHAN, JIAZHEN LIAO, CHING MAN HONG CHAN, A/K/A HONG CHING MAN CHAN, JOSEPH CHAN, AND ELTON CHAN as Defendants;

Upon the Memorandum of Law in Support of Plaintiff's Application for an Order to Attach, Set Aside, and Enjoin Certain Properties and Property Transfers of Defendants, and Requiring Disclosure of Properties and Debts of Defendants, and other Relief; and

Upon a finding that Plaintiff's submissions have shown immediate and irreparable injury and loss will result before the adverse parties can be heard, and that Plaintiff has filed the above-

1

noted documents on ECF and demonstrated efforts to serve notice and/or good reason for not doing so, it is hereby

ORDERED that Defendants WAI SHUN CHAN (a/k/a Vincent Chan), WAI LEUNG CHAN, PO KUM CHAN, RONALD CHAN, ROY CHAN, JIAZHEN LIAO, CHING MAN HONG CHAN (a/k/a Hong Ching Man Chan), JOSEPH CHAN, and ELTON CHAN or their attorneys show cause in writing by July 17, 2020 why an order should not be issued:

a) setting aside WAI LEUNG CHAN's transfer of his interest in the 6309 Strickland Avenue, Brooklyn, New York Property ("the Strickland Ave. Property") to PO KUM CHAN and restraining them from disposing of this Property pursuant to N.Y. Debt. and Cred. Law § 279[1];

b) attaching the Strickland Ave. Property pursuant to C.P.L.R. § 6201(3), Fed. R. Civ. P. § 64, and N.Y. Debt. and Cred. Law § 279;

c) setting aside WAI LEUNG CHAN's transfer of his interest in the 70 Washington Street, Unit Q, Brooklyn, NY Property ("the Condo") to PO KUM CHAN and RONALD CHAN and restraining them from disposing of this Property pursuant to N.Y. Debt. and Cred. Law § 279;

d) attaching the Condo pursuant to C.P.L.R. § 6201(3), Fed. R. Civ. P. § 64, and N.Y. Debt. and Cred. Law § 279;

e) setting aside WAI LEUNG CHAN's transfer of his interest in the 8119 6th Avenue, Brooklyn, NY Property ("the 6th Ave. Property") to ROY CHAN and JIAZHEN

---

[1] Although the Debtor and Creditor Law was amended and reorganized effective April 4, 2020, the prior version of the law applies because the transactions at issue took place prior to April 2020. *See* McKinney's 2019 Session Law News of NY Ch. 580 [A. 5622] § 7.

LIAO and restraining them from disposing of this Property pursuant to N.Y. Debt. and Cred. Law § 279;

f) attaching the 6th Ave. Property pursuant to C.P.L.R. § 6201(3), Fed. R. Civ. P. § 64, and N.Y. Debt. and Cred. Law § 279;

g) setting aside WAI SHUN CHAN's transfer of his interest in the 8804 16th Avenue, Brooklyn, NY Property ("the 16th Ave. Property") to CHING MAN HONG CHAN and JOSEPH CHAN and restraining them from disposing of this Property pursuant to N.Y. Debt. and Cred. Law § 279;

h) attaching the 16th Ave. Property pursuant to C.P.L.R. § 6201(3), Fed. R. Civ. P. § 64, and N.Y. Debt. and Cred. Law § 279;

i) setting aside WAI LEUNG CHAN and WAI SHUN CHAN's transfer and assignment of their interest in the mortgage and loan connected to the 7814 16th Avenue, Brooklyn, NY Property ("the Li Mortgage") to PO KUM CHAN and ELTON CHAN and returning the proceeds of the loan to WAI LEUNG CHAN and WAI SHUN CHAN, and restraining WAI LEUNG CHAN, WAI SHUN CHAN, PO KUM CHAN, and ELTON CHAN from disposing of this Property by transferring and assigning their interest in the Li Mortgage, pursuant to N.Y. Debt. and Cred. Law § 279;

j) attaching the Li Mortgage and all proceeds related to the Li Mortgage loan in the possession of WAI LEUNG CHAN, WAI SHUN CHAN, PO KUM CHAN, and ELTON CHAN pursuant to C.P.L.R. § 6201(3), Fed. R. Civ. P. § 64, and N.Y. Debt. and Cred. Law § 279;

k)     attaching all of the assets of Defendants WAI LEUNG CHAN and WAI SHUN CHAN pursuant to C.P.L.R. § 6201(3) and N.Y. Debt. and Cred. Law § 279;

l)     directing Defendants WAI SHUN CHAN and WAI LEUNG CHAN, pursuant to C.P.L.R. § 6220, to appear immediately at a place within the City of New York designated by counsel for Plaintiffs and give testimony concerning the nature, status, and actual location of the assets of each of these Defendants and to bring with each of them all documents, books, correspondence, records and tax returns regarding any property, including but not limited to bank accounts, cash assets, debts, and real property, in which Defendants have had an interest since the commencement of this action; and

m)     such other and further relief as may be just and proper; and

It further appearing that Plaintiff is entitled to an order of attachment of Defendants' property, as provided above, on the grounds that Defendants WAI LEUNG CHAN and WAI SHUN CHAN have assigned, disposed of, or secreted property to frustrate the enforcement of a potentially unfavorable judgment; and

It appearing that Defendants WAI SHUN CHAN, WAI LEUNG CHAN, PO KUM CHAN, RONALD CHAN, ROY CHAN, JIAZHEN LIAO, CHING MAN HONG CHAN, JOSEPH CHAN, and ELTON CHAN will continue to assign, dispose of, or secrete property unless their actions are temporarily restrained, and that Plaintiff will suffer immediate and irreparable injury by reason of his inability to determine the whereabouts of and collect from Defendants monies owed to him in this action; it is further

ORDERED that pending the hearing and determination of Plaintiff's motion, Defendants WAI SHUN CHAN, WAI LEUNG CHAN, PO KUM CHAN, RONALD CHAN, ROY CHAN,

4

JIAZHEN LIAO, CHING MAN HONG CHAN, JOSEPH CHAN, and ELTON CHAN are hereby temporarily restrained pursuant to Fed. R. Civ. P. 65 from selling, transferring, conveying, assigning or otherwise disposing of the Strickland Ave. Property located at 6309 Strickland Avenue, Brooklyn, New York; the Condo located at 70 Washington Street, Unit Q, Brooklyn, NY; the 6th Ave. Property located at 8119 6th Avenue, Brooklyn, NY; the 16th Ave. Property located at 8804 16th Avenue, Brooklyn, NY; and the Li Mortgage on the property located at 7814 16th Avenue, Brooklyn, NY and the proceeds from the same; and it is further

ORDERED that personal service of a copy of this Order, and the papers on which it is based, upon WAI SHUN CHAN or his attorney, WAI LEUNG CHAN or his attorney, WAI WEN CHAN or his attorney, PO KUM CHAN or her attorney, RONALD CHAN or his attorney, ROY CHAN or his attorney, JIAZHEN LIAO or her attorney, CHING MAN HONG CHAN or his attorney, JOSEPH CHAN or his attorney, and ELTON CHAN or his attorney, on or before July 10, 2020, be deemed sufficient service, and that any answering papers be filed by ECF no later than July 17, 2020; and it is further

ORDERED that the Court will hold a hearing via telephone with respect to the order to show cause and the preliminary injunction on July 24, 2020, at 11:00 a.m.  The parties should call the following conference number: (888) 684-8852, and use access code: 7245547.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  July 8, 2020
        Brooklyn, New York

5