**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**-------------------------------------------------------x**

**YONG XIONG HE,**

**Plaintiff,**

**- versus -**

**CHINA NEW STAR RESTAURANT, INC., WAI SHUN CHAN, WAI LEUNG CHAN, WAI WEN CHAN, PO KUM CHAN, RONALD CHAN, ROY CHAN, JIAZHEN LIAO, CHING MAN HONG CHAN, JOSEPH CHAN and ELTON CHAN,**

**Defendants.**

**-------------------------------------------------------x**

**ECF CASE**

**No. 1:19-cv-05907-PKC-CLP**

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS APPLICATION TO ATTACH, SET ASIDE AND ENJOIN CERTAIN PROPERTIES AND PROPERTY TRANSFERS**

Michael L. Winston
Jessica E. Harris
James Reif
GLADSTEIN, REIF & MEGINNISS, LLP
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
mwinston@grmny.com
jharris@grmny.com
jrief@grmny.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

ARGUMENT ..... 1

I. ATTACHMENT OF ALL OF THE ASSETS OF WAI LEUNG AND WAI SHUN, INCLUDING ALL FIVE PROPERTIES IS APPROPRIATE ..... 1

II. THIS COURT HAS ANCILLARY JURISDICTION OVER PLAINTIFF'S CPLR AND DCL CLAIMS ..... 4

III. THAT WAI LEUNG AND WAI SHUN DID NOT TRANSFER THE LI MORTGAGE ON THE SAME DAY AS THE OTHER FOUR PROPERTIES DOES NOT SHIELD THEM FROM AN INSOLVENCY CLAIM ..... 5

IV. PLAINTIFF IS LIKELY TO SUCCEED ON HIS FLSA AND NYLL CLAIMS AGAINST WAI LEUNG ..... 6

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Cases** **Page**

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (PKC) (RER), 2016 WL 7217641 (E.D.N.Y. Dec. 13, 2016) ..... 1

*Disney Enter., Inc. v. Finanz St. Honore, B.V.*, No. 13-CV-6338 (NG) (SMG), 2017 WL 1862211 (E.D.N.Y. May 8, 2017) ..... 1

*Empire State Collateral Co. v. Cassel Custards, Inc.*, 212 N.Y.S.2d 599 (Sup. Ct. Nassau Cnty. 1961) ..... 3

*Epperson v. Ent. Express, Inc.*, 242 F.3d 100 (2d Cir. 2001) ..... 4

*Etalon Imob S.R.L. v. Schoenbach*, No. 12-CV-6868 (BSJ), 2012 WL 4741595 (S.D.N.Y. Oct. 3, 2012) ..... 2

*Green Tree Serv. LLC v. Christodoulakis*, No. 14-CV-2037 (SJF) (SIL), 2014 WL 5475514 (E.D.N.Y. Oct. 28, 2014) ..... 1

*HBE Leasing Corp. v. Frank*, 48 F.3d 623 (2d Cir. 1995) ..... 5

*Heller Fin., Inc. v. Wall St. Imports, Ltd.*, 529 N.Y.S.2d 969 (Sup. Ct. N.Y. Cnty. 1988) ..... 3

*In re Hypnotic Taxi LLC*, 543 B.R. 365 (Bankr. E.D.N.Y. 2016) ..... 2, 3

*In re Levin*, No. 8-17-77330 (LAS), 2020 WL 1987783 (Bankr. E.D.N.Y. Apr. 24, 2020) ..... 3

*In re Perry H. Koplik & Sons, Inc.*, No. 15-cv-4002 (KBF), 2015 WL 4601134 (S.D.N.Y. Jul. 31, 2015) ..... 5

*In re Persky*, 893 F.2d 15 (2d Cir. 1989) ..... 3

*In re Trinsum Group*, 460 BR 379 (Bankr. S.D.N.Y. 2011) ..... 5

*Itel Containers Int'l Corp. v. Companhia de Navegacao Lloyd Brasileiro*, No. 90-cv-8191 (CES), 1991 WL 12131 (S.D.N.Y. Jan. 25, 1991) ..... 1

*Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78 (3d Cir. 2011), *as amended* (Sept. 29, 2011) ..... 4

*Oriental Com. & Shipping Co. v. Rosseel, N.V.*, 125 F.R.D. 398 (S.D.N.Y. 1989) ..... 2

*Orr v. Kinderhill Corp.*, 991 F.2d 31 (2d Cir. 1993) ..... 5

*Peacock v. Thomas*, 516 U.S. 349 (1996) ..... 4

*Pepper v. Litton*, 308 U.S. 295 (1939) ..... 5

*Rehill v. Rehill*, 118 N.Y.S.2d 251 (Sup. Ct. N.Y. Cnty. 1952) .................... 3

*Tae H. Kim v. Ji Sung Yoo*, 776 Fed. App'x 16 (2d Cir. 2019) .................... 4

*Thomas, Head & Greisen Emp. Trust v. Buster*, 95 F.3d 1449 (9th Cir. 1996) .................... 4

*U.S. Bancorp Equip. Fin., Inc. v. Rubashkin*, 924 N.Y.S.2d 312, 2011 WL 293716 (Sup. Ct. Kings Cnty. 2011).................... 2

*Vill. of W. Hampton Dunes v. New York*, 89 F. Supp. 3d 433 (E.D.N.Y. 2015).................... 4

*Wohl v. Westheimer*, 610 F. Supp. 52 (S.D.N.Y. 1985) .................... 1

**Statutes**

DCL § 273.................... 1, 5

**Rules**

CPLR § 5206(d) .................... 4

CPLR § 6201(3) .................... 1

CPLR § 6211(a) .................... 2

CPLR § 6214(b) .................... 2

CPLR § 6220.................... 2

**Treatises**

12 Weinstein, Korn & Miller, New York Civil Practice ¶ 6211.05 (2015) .................... 2

30 N.Y. Jur. 2d Creditors' Rights § 91 .................... 2

## ARGUMENT

Plaintiff Yong Xiong He submits this memorandum of law to respond briefly to certain issues raised by Defendants during the August 10, 2020 Court hearing. Specifically, Plaintiff below addresses Defendants' contentions that: (1) the Court should not attach all Five Properties because their cumulative value purportedly exceeds the amount Plaintiff seeks in damages and attorney's fees; (2) the Court lacks jurisdiction over Plaintiff's fraudulent conveyance claims under the New York Debtor and Creditor Law ("DCL") and CPLR § 6201(3); (3) Defendants Wai Leung Chan ("Wai Leung") and Wai Shun Chan ("Wai Shun") were not insolvent under DCL § 273 when they transferred the first four Properties on November 25, 2019 because they had yet to transfer their interests in the Li Mortgage (which occurred two days later); and (4) Plaintiff is not likely to succeed on his FLSA and NYLL claims because Plaintiff failed to present evidence that Wai Leung was his employer. As demonstrated below, these assertions are without merit.

### I. ATTACHMENT OF ALL OF THE ASSETS OF WAI LEUNG AND WAI SHUN, INCLUDING ALL FIVE PROPERTIES IS APPROPRIATE

Defendants' contention that the Court should not attach all Five Properties because their cumulative value purportedly exceeds the amount of damages and fees Plaintiff is seeking is not supported by the caselaw. In fact, courts frequently issue orders attaching all of a debtor's assets, without specifying the particular properties subject to attachment or their values.[1] And, that is what Plaintiff has requested here. *See* Am. Suppl. Compl. [Dkt. No. 68] at 20, ¶ BB; *see also*

---

[1] *See, e.g.*, *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565 (PKC) (RER), 2016 WL 7217641, at *15 (E.D.N.Y. Dec. 13, 2016); *Disney Enter., Inc. v. Finanz St. Honore, B.V.*, No. 13-CV-6338 (NG) (SMG), 2017 WL 1862211, at *4 (E.D.N.Y. May 8, 2017); *Green Tree Serv. LLC v. Christodoulakis*, No. 14-CV-2037 (SJF) (SIL), 2014 WL 5475514, at *1 (E.D.N.Y. Oct. 28, 2014); *Itel Containers Int'l Corp. v. Companhia de Navegacao Lloyd Brasileiro*, No. 90-cv-8191 (CES), 1991 WL 12131, at *1, *3 (S.D.N.Y. Jan. 25, 1991); *Wohl v. Westheimer*, 610 F. Supp. 52, 58 (S.D.N.Y. 1985).

Order to Show Cause [Dkt. No. 38] at 4, ¶k.

The Court plainly has the authority to issue an attachment order without identifying the properties to be attached, and courts have rejected defendants' claims to the contrary. In *In re Hypnotic Taxi LLC*, 543 B.R. 365 (Bankr. E.D.N.Y. 2016), for example, the court expressly held that "'[i]t is not necessary for the order of attachment to describe the property to be attached.'" *Id*. at 384 (quoting 12 Weinstein, Korn & Miller, New York Civil Practice ¶ 6211.05 (2015)); *see Oriental Com. & Shipping Co. v. Rosseel, N.V.*, 125 F.R.D. 398, 401 n.4 (S.D.N.Y. 1989) ("Defendant correctly notes that such an order need not specify the particular items of property or debts to be attached, *see* N.Y. CPLR § 6214(b), and that once such an order of attachment is secured, a party may move for disclosure of the opposing party's assets under N.Y. CPLR § 6220."); 30 N.Y. Jur. 2d Creditors' Rights § 91. As the *Hypnotic Taxi* court noted, although CPLR § 6211(a) mandates the contents of an order of attachment, it does *not* require that the order enumerate the specific properties or assets to be attached. 543 B.R. at 384. Rather, the CPLR provides that the order "'shall direct the sheriff to levy within his jurisdiction, at any time before final judgment, upon such property in which the defendant has an interest and upon such debts owing to the defendant as will satisfy the amount specified in the order of attachment.'"[2] *Id*. (quoting CPLR § 6211(a)).

[2] Under CPLR § 6220, a court may, "*after the granting of an order of attachment* . . . order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant." CPLR § 6220 (emphasis added). As explained by the court in *Etalon Imob S.R.L. v. Schoenbach*, No. 12-CV-6868 (BSJ), 2012 WL 4741595 (S.D.N.Y. Oct. 3, 2012), "the existence of a valid order of attachment is a mandate for a sheriff to levy upon assets of a party. So long as the order is outstanding and unsatisfied, a plaintiff is entitled to learn of assets to enable a sheriff to seize sufficient property to comply with the order." *Id*. at * 5 (internal quotation marks omitted); *see Oriental Com. & Shipping Co.*, 125 F.R.D. at 401 n.4 ("[O]nce such an order of attachment is secured, a party may move for disclosure of the opposing party's assets under N.Y. CPLR § 6220."); *U.S. Bancorp Equip. Fin., Inc. v. Rubashkin*, 924 N.Y.S.2d 312, 2011 WL 293716, at *14 (Sup. Ct. Kings Cnty. 2011) (granting attachment of all of debtor's assets up to amount of creditor's damages and ordering disclosure under CPLR § 6220 of information regarding property of or debts owed to debtor). *See also* Am. Suppl. Compl. at 20, ¶ DD (requesting disclosure under CPLR § 6220).

As the court in *Hypnotic Taxi* observed:

> This rule is of long standing: "[F]or many generations sheriffs and those to whom they deliver copies of the warrants have been managing to decide, without further elaboration in the warrant, what property is subject to attachment; and I think it would introduce a cumbersome and troublesome practice to undertake to embody in the warrant itself specific directions as to what property is subject to it."

543 B.R. at 384 (quoting *Rehill v. Rehill*, 118 N.Y.S.2d 251, 253 (Sup. Ct. N.Y. Cnty. 1952)); *see also Heller Fin., Inc. v. Wall St. Imports, Ltd.*, 529 N.Y.S.2d 969, 970 (Sup. Ct. N.Y. Cnty. 1988); *Empire State Collateral Co. v. Cassel Custards, Inc.*, 212 N.Y.S.2d 599, 600 (Sup. Ct. Nassau Cnty. 1961).

That making a determination here – regarding which of the Five Properties should be attached – would be "cumbersome and troublesome" is underscored by the difficulty in assessing the value of four of the Five Properties[3] because (1) they were held (pre-fraudulent transfer) through tenancy by the entirety, *see, e.g., In re Persky*, 893 F.2d 15, 19 (2d Cir. 1989) ("Although a debtor tenant's interest [held through tenancy by the entirety] is alienable, the value of that interest is problematical because if the non-debtor tenant survives the debtor, the non-debtor tenant acquires the entire fee and a purchaser takes nothing."); and (2) there is no evidence before the Court concerning the value of these Properties (were the Defendant joint holders to sell them)[4] or the amount of equity held in them by Defendants (after accounting for

---

[3] This does not include the Li Mortgage. However, the value of the Li Mortgage may also be uncertain because even if Plaintiff prevailed against both Wai Leung and Wai Shen and obtained the right to sell the Li Mortgage, it is difficult to assess how much he could obtain for the remainder of the 10-year mortgage.

[4] To the extent Defendants are relying on Zillow estimates of the value of the properties, the Court should not consider this reliable evidence. *See In re Levin*, No. 8-17-77330 (LAS), 2020 WL 1987783, at *4 n.6 (Bankr. E.D.N.Y. Apr. 24, 2020) ("The Court declined to allow a Zillow valuation because internet valuations have been found to be inherently unreliable.") (collecting cases). Indeed, for at least two of the properties at issue, Zillow itself notes that it is "missing facts, which can affect the accuracy of home value estimates." *See* https://www.zillow.com/homedetails/6309-Strickland-Ave-Brooklyn-NY-11234/30783411_zpid/; https://www.zillow.com/homedetails/8804-16th-Ave-Brooklyn-NY-11214/30713804_zpid/.

any mortgages on the Properties).[5]

For all of these reasons, this Court should issue an order attaching all of Defendants' assets, including (but not limited to) all Five Properties.

## II. THIS COURT HAS ANCILLARY JURISDICTION OVER PLAINTIFF'S CPLR AND DCL CLAIMS

During the August 10 hearing and in their opposition papers, Defendants asserted that the Court had no jurisdiction over Plaintiff's CPLR and DCL claims. This contention is baseless; this Court has ancillary jurisdiction over these state law claims as shown by Supreme Court precedent.

"A federal court may exercise ancillary jurisdiction . . . to enable [the] court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (internal quotation marks omitted); *see Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 85 (3d Cir. 2011), *as amended* (Sept. 29, 2011); *Vill. of W. Hampton Dunes v. New York*, 89 F. Supp. 3d 433, 443 (E.D.N.Y. 2015). "In defining [a court's enforcement] power, [the Supreme Court has] approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties . . . including *attachment*, mandamus, garnishment, and the *prejudgment avoidance of fraudulent conveyances*." *Peacock*, 516 U.S. at 356 (emphasis added); *see id.* at 357 (noting that ancillary jurisdiction exists over actions "to guarantee *eventual* executability of a federal judgment" (emphasis added)); *see also Tae H. Kim v. Ji Sung Yoo*, 776 Fed. App'x 16, 20–21 (2d Cir. 2019); *Epperson v. Ent. Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001); *Thomas, Head & Greisen Emp. Trust v. Buster*, 95 F.3d 1449, 1454 (9th Cir. 1996); *In re Perry H. Koplik & Sons*,

[5] Any calculation of the value of the Properties to Plaintiff would also have to take into account the homestead exemption. *See* CPLR § 5206(d).

*Inc.*, No. 15-cv-4002 (KBF), 2015 WL 4601134, at *2–4 (S.D.N.Y. Jul. 31, 2015). Briefly put, this Court has jurisdiction over Plaintiff's DCL and CPLR claims.

## III. THAT WAI LEUNG AND WAI SHUN DID NOT TRANSFER THE LI MORTGAGE ON THE SAME DAY AS THE OTHER FOUR PROPERTIES DOES NOT SHIELD THEM FROM AN INSOLVENCY CLAIM

Equally baseless is Defendants' contentions that Wai Leung and Wai Shun could not have been insolvent under DCL § 273 on November 25, 2019 when they transferred four of the Five Properties because they did not assign the Li Mortgage until November 27, 2019.

In assessing allegations of fraudulent conveyances, "'substance will not give way to form, [and] technical considerations will not prevent substantial justice from being done.'" *Orr v. Kinderhill Corp*., 991 F.2d 31, 35 (2d Cir. 1993) (quoting *Pepper v. Litton*, 308 U.S. 295, 305 (1939)); *see HBE Leasing Corp. v. Frank*, 48 F.3d 623, 635 (2d Cir. 1995). As a result, "allegedly fraudulent conveyance[s] must be evaluated in context; [w]here a transfer is only a step in a general plan, the plan must be viewed as a whole with all its composite implications." *Orr*, 991 F.2d at 35 (internal quotation marks omitted).

Defendants cannot find refuge by citing to *In re Trinsum Group*, 460 BR 379 (Bankr. S.D.N.Y. 2011). In that case the transfers took place over periods of months, not within two days as here. Were Defendants' theory countenanced, any debtor could fraudulently transfer all of his assets one at a time over the course of days and the creditor would, at most, be entitled to reverse the final transaction under DCL § 273. That is not only inconsistent with the law, *see Orr*, 991 F.2d at 35, but it is also at odds with the fact that Defendants viewed the transfers as one overall package, *see* Declaration of Wai Leung Chan [Dkt. No. 74-1] ¶ 10 ("Attorney Joseph Wong finalized all transfers for us on November 25, 2019 and made an appointment with us to assign

the mortgage . . . secured by Kristy Li's real property."). In short, Defendants' insolvency argument should be rejected.

## IV. PLAINTIFF IS LIKELY TO SUCCEED ON HIS FLSA AND NYLL CLAIMS AGAINST WAI LEUNG

There is also no merit to the contention by Wai Shun and Wai Leung that Plaintiff is unlikely to succeed on his FLSA and NYLL claims because, according to these Defendants, "Plaintiff failed to provide sufficient evidence to support that Wai Leung . . . [was] his employer." Original Defs.' Opp'n [Dkt. No. 74] at 8. Plaintiff in fact submitted a declaration describing in detail Wai Leung's supervision and management of the Restaurant and its employees. *See* Declaration of Yong Xiong He [Dkt. No. 30], ¶¶ 7, 9, 10. This evidence shows that Plaintiff met his burden of showing that he is likely to succeed on his claim that Wai Leung was his employer under the FLSA and NYLL. *See also* Pl.'s Mem. of Law in Support of his Appl. for an Order of Attachment ("Plaintiff's Brief") [Dkt. No. 29] at 11-13.

## CONCLUSION

For the foregoing reasons, and the reasons enumerated in Plaintiff's Brief, Plaintiff respectfully requests that the Court set aside the fraudulent conveyances of the Five Properties, enjoin Defendants from conveying, assigning or otherwise disposing of these Properties, attach all of the assets of Wai Leung and Wai Shun, including the fraudulently conveyed Five Properties, and order discovery pursuant to CPLR § 6220.

Dated: August 14, 2020

GLADSTEIN, REIF & MEGINNISS, LLP

By:

Michael L. Winston
Jessica E. Harris
James Reif
39 Broadway, Ste. 2430
New York, New York 10006
mwinston@grmny.com
jharris@gmrny.com
jreif@grmny.com

Attorneys for Plaintiff