Yimin Chen, Esq.
Law Offices of Chen & Associates, P.C.
39-15 Main Street, Suite 502
Flushing, New York 11354
Tel: (718)886-4858
Fax: (800)490-0564
E-mail: chenattorney@yahoo.com
*Attorneys for Defendants China New Star
Restaurant, Inc., Wai Shun Chan a/k/a Vincent Chan,
Wai Leung Chan and Wai Wen Chan a/k/a Daniel Chan*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| YONG XIONG HE, | ECF Case |
| Plaintiff, | No.: 1:19-cv-05907-PKC-CLP |
| -against- | |
| CHINA NEW STAR RESTAURANT, INC., WAI SHUN CHAN a/k/a Vincent Chan, WAI LEUNG CHAN, and WAI WEN CHAN a/k/a Daniel Chan, PO KUM CHAN (a/k/a Po Kum Ng), RONALD CHAN, ROY CHAN, JIAZHEN LIAO, CHING MAN HONG CHAN (a/k/a Hong Ching Man Chan), JOSEPH CHAN and ELTON CHAN, | **ANSWER AND COUNTERCLAIM OF DEFENDANTS CHINA NEW STAR RESTAURANT, INC., WAI SHUN CHAN A/K/A VINCENT CHAN, WAI LEUNG CHAN, AND WAI WEN CHAN A/K/A DANIEL CHAN TO PLANTIFF'S AMENDED SUPPLEMENTAL COMPLAINT** |
| Defendants. | |

-------------------------------------------------------------X

Defendants China New Star Restaurant Inc., Wai Shun Chan, Wai Leung Chan and Wai Wen Chan (hereinafter collectively the "original defendants") by and through their attorneys, Yimin Chen, Esq., of Law Offices of Chen & Associates, P.C., as and for an answer to Plaintiff's Amended Supplemental Complaint, allege as follows:

1. The allegations in Paragraph 1 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal

1

Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

2. Original Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Amended Supplemental Complaint, except to that Plaintiff was employed by Defendant China New Star Restaurant Inc for a period of time, and leave all conclusions of law to the Court.

3. Original Defendants deny the allegations contained in Paragraph 3 of the Amended Supplemental Complaint.

4. Original Defendants deny allegations contained in Paragraph 4 of the Amended Supplemental Complaint.

5. The allegations in Paragraph 5 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

6. The allegations in Paragraph 6 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

7. Original Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Amended Supplemental Complaint, except to the extent that Plaintiff was employed by Defendant China New Star Restaurant Inc for a period of time, and leave all conclusions of law to the Court.

8. Original Defendants deny allegations contained in Paragraph 8 of the Amended Supplemental Complaint, except to the extent that Original Defendants have admitted in Paragraphs 10 to 16 of their Amended Notice of Appearance, Answer and Affirmative Defenses, and leave all conclusions of law to the Court.

9. Original Defendants admit the allegations contained in Paragraph 9 of the Amended Supplemental Complaint.

10. Original Defendants admit the allegations contained in Paragraph 10 of the Amended Supplemental Complaint.

11. Original Defendants admit the allegations contained in Paragraph 11 of the Amended Supplemental Complaint.

12. Original Defendants admit the allegations contained in Paragraph 12 of the Amended Supplemental Complaint.

13. Original Defendants admit the allegations contained in Paragraph 13 of the Amended Supplemental Complaint.

14. Original Defendants deny the allegations contained in Paragraph 14 of the Amended Supplemental Complaint, except admit that Joseph Chan was and is a relative of Wai Shun Chan.

15. Original Defendants deny the allegations contained in Paragraph 15 of the Amended Supplemental Complaint, except admit that Elton Chan was and is a relative of Wai Shun Chan.

16. Original Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Amended Supplemental Complaint.

17. Original Defendants deny the allegations contained in Paragraph 17 of the Amended Supplemental Complaint, except admit that Defendants Wai Leung Chan and Wai Shun Chan made the transfers to their relatives.

18. Original Defendants deny the allegations contained in Paragraph 18 of the Amended Supplemental Complaint.

19. Original Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Amended Supplemental Complaint.

20. Original Defendants deny the allegations contained in Paragraph 20 of the Amended Supplemental Complaint.

21. Original Defendants deny the allegation that the transfers of the five properties threaten irreparable harm to Plaintiff. Original Defendants further deny knowledge and information sufficient to form a belief as to the other allegations contained in Paragraph 21 of the Amended Supplemental Complaint.

22. The allegations in Paragraph 22 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

23. Original Defendants reallege and incorporate their answers to Paragraphs 1-22 above.

24. Original Defendants deny the allegations contained in Paragraph 24 of the Amended Supplemental Complaint.

25. Original Defendants deny the allegations contained in Paragraph 25 of the Amended Supplemental Complaint.

26. The allegations in Paragraph 26 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

27. Original Defendants reallege and incorporate their answers to Paragraphs 1-26 above.

28. Original Defendants deny the allegations contained in Paragraph 28 of the Amended Supplemental Complaint.

29. Original Defendants deny the allegations contained in Paragraph 29 of the Amended Supplemental Complaint.

30. The allegations in Paragraph 30 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

31. Original Defendants reallege and incorporate their answers to Paragraphs 1-30 above.

32. Original Defendants deny the allegations contained in Paragraph 32 of the Amended Supplemental Complaint.

33. Original Defendants deny the allegations contained in Paragraph 33 of the Amended Supplemental Complaint.

34. The allegations in Paragraph 34 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

35. Original Defendants reallege and incorporate their answers to Paragraphs 1-34 above.

36. Original Defendants deny the allegations contained in Paragraph 36 of the Amended Supplemental Complaint.

37. Original Defendants deny the allegations contained in Paragraph 37 of the Amended Supplemental Complaint.

38. The allegations in Paragraph 38 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

39. Original Defendants reallege and incorporate their answers to Paragraphs 1-38 above.

40. Original Defendants deny the allegations contained in Paragraph 40 of the Amended Supplemental Complaint.

41. Original Defendants deny the allegations contained in Paragraph 41 of the Amended Supplemental Complaint.

42. Original Defendants deny the allegations contained in Paragraph 42 of the Amended Supplemental Complaint.

43. The allegations in Paragraph 43 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

44. Original Defendants reallege and incorporate their answers to Paragraphs 1-43 above.

45. Original Defendants deny the allegations contained in Paragraph 45 of the Amended Supplemental Complaint.

46. The allegations in Paragraph 46 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

47. The allegations in Paragraph 47 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

48. Original Defendants reallege and incorporate their answers to Paragraphs 1-47 above.

49. Original Defendants deny the allegations contained in Paragraph 49 of the Amended Supplemental Complaint, except admit that Defendants Wai Leung Chan and Wai Shun made the transfers.

50. Original Defendants deny the allegations contained in Paragraph 50 of the Amended Supplemental Complaint.

51. The allegations in Paragraph 51 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

52. The allegations in Paragraph 52 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

53. The allegations in Paragraph 53 of the Amended Supplemental Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Original Defendants deny the allegations and leave all conclusions of law to the Court.

54. Original Defendants deny any and all allegations not heretofore controverted.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

55. Original Defendants repeat and reiterate paragraphs 1 to 54 as if fully stated herein.

56. Lack of personal jurisdiction over defendants Vincent Chan, Wai Leung Chan, and Daniel Chan, inasmuch as there was no proper service of process upon said defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### (Improper Parties)

57. Original Defendants repeat and reiterate paragraphs 1 to 56 as if fully stated herein.

58. Defendants Vincent Chang, Wai Leung Chan, and Daniel Chan, and not proper parties to this Complaint and they should be dismissed from this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

59. Original Defendants repeat and reiterate paragraphs 1 to 58 as if fully stated herein.

60. The Amended Supplemental Complaint failed to state a claim upon which relief could be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### (Bad Faith)

61. Original Defendants repeat and reiterate paragraphs 1 to 60 as if fully stated herein.

62. Plaintiff filed the Amended Supplemental Complaint against the Original Defendants and other new defendants with bad faith.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

63. Original Defendants repeat and reiterates paragraphs 1 to 62 and reallege the Affirmative Defense of unclean hands in their Amended Answer as if fully stated herein.

64. By the doctrine of unclean hands, Plaintiff's requested reliefs are barred since Plaintiff had engaged in misconduct.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

65. Original Defendants repeat and reiterate paragraphs 1 to 64 as if fully stated herein.

66. Plaintiff is barred by the doctrine of equitable estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
**(Statute of Limitation)**

67. Original Defendants repeat and reiterate paragraphs 1 to 66 as if fully stated herein.

68. Plaintiff is barred by the applicable statute of limitations and/or statutory timeframe from asserting the claims alleged in its complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
**()**

69. Original Defendants repeat and reiterate paragraphs 1 to 68 as if fully stated herein.

70. Plaintiff through his own misconduct, including, *inter alia*, altering tips on customer receipts, conversion and other misconducts that constituted disloyal behavior and otherwise breached his duty of fidelity, forfeited compensation already paid to him and any that is allegedly due during the period of their faithlessness.

**WHEREFORE**, it is respectfully requested that the Amended Supplemental Complaint be dismissed, together with such other relief as this Court may deem just and proper.

## COUNTERCLAIMS

### PREMILINARY STATEMENT

1. Wai Shun Chan (hereinafter "Wai Shun") was in charge of the management of employees for China New Star Restaurant Inc. (hereinafter "China New Star" or

"Restaurant"). After Wai Shun hired Yong Xiong He (hereinafter "He"), there were repeated complaints from clients that He systematically engaged in illegal conduct including *inter alia*, altering check-receipts after they were signed by clients, converted cash payments by clients left on table for his own personal use.

2. He engaged in a systematic conduct of defrauding the customers of China New Star through credit card fraud, causing damages to the Restaurant both in terms of money and its goodwill and business reputation.

## PARTIES

3. China New Star is an old, family-run Chinese restaurant in the United States, located in Brooklyn, New York.

4. Wai Shun Chan was a manager in charge of employee affairs for China New Star.

5. Yong Xiong He is a former employee of the Restaurant and, upon information and belief, he resides in Staten Island, New York.

## STATEMENT OF FACTS

6. The fraudulent conduct devised by He is a simple but effective way to steal money from the Restaurant's clientele.

7. He frequently charged additional monies to the Restaurant's customers usually unbeknown to both the Restaurant and the customer. They did so by either changing the amount in the gratuity portion of the receipt or adding a gratuity for themselves when the space was left blank.

8. If the customer chose to pay by debit or credit card, he or she would receive a receipt with an option field for "gratuity" or, as it is commonly referred to, tips. After the customer indicated the amount of money, if any, that the customer

11

wished to leave as gratuity, the Restaurant's employee charged the customer's debit or credit card in that amount.

9. The gratuity portion of the bill went to the employee in its entirety and the Restaurant receives none of it.

10. The scheme employed by He involves his changing to the gratuity amount to give himself a higher tip. In other scenarios, where the customer leaves the tip in case, He would still add gratuity for no other reasons than to enrich himself.

11. After the discovery of this troubling conduct, which was brought to the Restaurant's attention by some defrauded customers, Wai Shun confronted with He and He admitted his steal and begged Wai Shun not to fire him.

12. Since the Restaurant was a family-run restaurant, Wai Shun always treated his employees as families. Thus, Wai Shun forgave He for his misconduct each time when He was so sorry and promised that he would not defraud the clients anymore.

13. Later, Wai Shun reached his age of retirement and decided to sell the Restaurant. Before the transaction of the Restaurant finalized, Wai Shun discharged most employees, including He.

14. He's subsequent pleading in this action makes no mention of this.

## FIRST CAUSE OF ACTION
### (Faithless Servant)

15. China New Star and Wai Shun repeat and reiterates paragraphs 1 to 14 of this Counterclaims as if fully stated herein.

16. He was employed by the Restaurant in a position of trust and confidence.

17. As an employee of the Restaurant, He owed China New Star a duty of loyalty, honesty, and fidelity. By virtue of these duties, He was prohibited from acting in a disloyal manner, or in any way inconsistent with that trust relationship.

18. Pursuant to the faithless servant doctrine, He was obligated to be loyal to the Restaurant and were prohibited from acting in a manner inconsistent with their agency or trust and were bound to exercise the utmost good faith and loyalty in the performance of their duties.

19. He's aforesaid conduct constitutes conduct rising to the level of a cause of action pursuant to the faithless servant doctrine.

20. He's activity was related to the performance of his duties.

21. He's disloyalty permeated his services in its most material and substantial part.

22. As a consequence of He's misconduct, which constitutes a cause of action pursuant to the faithless servant doctrine, the Restaurant had been injured, which it is entitled to recover damages including but not limited to the return of wages, bonuses, and other compensation paid to He, financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

**WHEREFORE**, Counterclaim-Plaintiffs China New Star and Wai Shun demands the following:

a. Judgment granting all of Counterclaim-Plaintiffs claims in their entirety and awarding damages including but not limited to repayment of all wages, bonuses and other compensation paid to He, repayment of the "key money" improperly collected by He,

financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount to be proven at trial;

    b. Judgment granting Counterclaim Plaintiff's costs and reasonable attorney's fees incurred in this action;

    c. Together with such other and further relief as the Court deems just and proper.

Dated: Queens, New York
       August 21, 2020

          /s/ Yimin Chen
          Yimin Chen, Esq.
          Law Offices of Chen & Associates, P.C.
          39-15 Main Street, Suite 502
          Flushing, New York 11354
          (718)886-4858

*Attorneys for Defendants China New Star Restaurant Inc., Wai Leung Chan, Wai Shun Chan and Wai Wen Chan*