XUE & ASSOCIATES, P.C.
Benjamin B. Xue, Esq.
1 School Street, Suite 303A
Glen Cove, NY 11542
Phone: (516) 595-8887
*Attorneys for Defendants Po Kum Chan,*
*Ronald Chan, Roy Chan, and Jiazhen Liao*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
YONG XIONG HE,

                    Plaintiff,

   -against-                            Case No.: 1:19-cv-05907

CHINA NEW STAR RESTAURANT, INC.,
WAI SHUN CHAN (a/k/a Vincent Chan),         **DEFENDANTS PO KUM CHAN, RONALD**
WAI LEUNG CHAN,                                **CHAN, ROY CHAN, AND JIAZHEN**
WAI WEN CHAN (a/k/a Daniel Chan),            **LIAO'S ANSWER TO PLAINTIFF'S**
PO KUM CHAN (a/k/a Po Kum Ng),             **AMENDED SUPPLEMENTAL**
RONALD CHAN, ROY CHAN, JIAZHEN LIAO,  **COMPLAINT**
CHING MAN HONG CHAN (a/k/a Hong Ching Man
Chan), JOSEPH CHAN and ELTON CHAN

                     Defendants.
---------------------------------------------------------------X

      Defendants PO KUM CHAN ("P. Chan"), RONALD CHAN, ROY CHAN, and JIAZHEN LIAO ("Liao"), (collectively, Answering Defendants), by their undersigned counsel, Xue & Associates, P.C., state in their Answer to the Amended Supplemental Complaint as follows:

**AS TO SUMMARY OF ACTION**

      1.     The allegations contained in Paragraph 1 of the Amended Supplemental Complaint are neither directed towards, nor require a response from, Answering Defendants. To the extent any violation or unlawful action is alleged, Answering Defendants deny such allegations.

2. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Amended Supplemental Complaint.

3. Answering Defendants deny the allegations contained in paragraph 3 of the Amended Supplemental Complaint.

4. Answering Defendants deny the allegations contained in paragraph 4 of the Amended Supplemental Complaint.

## AS TO JURISDICTION AND VENUE

5. Answering Defendants deny the allegations contained in paragraph 5 of the Amended Supplemental Complaint.

6. Answering Defendants deny the allegations contained in paragraph 6 of the Amended Supplemental Complaint.

## AS TO THE PARTIES

7. The allegations contained in Paragraph 7 of the Amended Supplemental Complaint are neither directed towards, nor require a response from, Answering Defendants.

8. The allegations contained in Paragraph 8 of the Amended Supplemental Complaint are neither directed towards, nor require a response from, Answering Defendants.

9. Answering Defendants admit the allegations contained in paragraph 9 of the Amended Supplemental Complaint.

10. Answering Defendants deny the allegations contained in paragraph 10 of the Amended Supplemental Complaint except Admit that Ronald Chan is a relative of Wai Leung Chan.

11. Answering Defendants admit the allegations contained in paragraph 11 of the Amended Supplemental Complaint.

12. Answering Defendants admit the allegations contained in paragraph 12 of the Amended Supplemental Complaint.

13. The allegations contained in Paragraph 13 of the Amended Supplemental Complaint are neither directed towards, nor require a response from, Answering Defendants.

14. The allegations contained in Paragraph 14 of the Amended Supplemental Complaint are neither directed towards, nor require a response from, Answering Defendants.

15. The allegations contained in Paragraph 15 of the Amended Supplemental Complaint are neither directed towards, nor require a response from, Answering Defendants.

## AS TO STATEMENT OF ALLEGED FACTS

16. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Amended Supplemental Complaint.

17. Answering Defendants deny the allegations contained in paragraph 17 of the Amended Supplemental Complaint.

18. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Amended Supplemental Complaint.

19. Answering Defendants deny the allegations contained in paragraph 19 of the Amended Supplemental Complaint.

20. Answering Defendants deny the allegations contained in paragraph 20 of the Amended Supplemental Complaint.

21. Answering Defendants deny the allegations contained in paragraph 21 of the Amended Supplemental Complaint.

22. Answering Defendants deny the allegations contained in paragraph 22 of the Amended Supplemental Complaint.

## AS TO FIRST CAUSE OF ACTION

23. Answering Defendants answer paragraph 23 of the Amended Supplemental Complaint by realleging each and every response to preceding paragraphs as though fully set forth herein.

24. Answering Defendants deny the allegations contained in paragraph 24 of the Amended Supplemental Complaint.

25. Answering Defendants deny the allegations contained in paragraph 25 of the Amended Supplemental Complaint.

26. Answering Defendants deny the allegations contained in paragraph 26 of the Amended Supplemental Complaint.

## AS TO SECOND CAUSE OF ACTION

27. Answering Defendants answer paragraph 27 of the Amended Supplemental Complaint by realleging each and every response to preceding paragraphs as though fully set forth herein.

28. Answering Defendants deny the allegations contained in paragraph 28 of the Amended Supplemental Complaint.

29. Answering Defendants deny the allegations contained in paragraph 29 of the Amended Supplemental Complaint.

30. Answering Defendants deny the allegations contained in paragraph 30 of the Amended Supplemental Complaint.

## AS TO THIRD CAUSE OF ACTION

31. Answering Defendants answer paragraph 31 of the Amended Supplemental Complaint by realleging each and every response to preceding paragraphs as though fully set forth herein.

32. Answering Defendants deny the allegations contained in paragraph 32 of the Amended Supplemental Complaint.

33. Answering Defendants deny the allegations contained in paragraph 33 of the Amended Supplemental Complaint.

34. Answering Defendants deny the allegations contained in paragraph 34 of the Amended Supplemental Complaint.

## AS TO FOURTH CAUSE OF ACTION

35. Answering Defendants answer paragraph 35 of the Amended Supplemental Complaint by realleging each and every response to preceding paragraphs as though fully set forth herein.

36. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Amended Supplemental Complaint.

37. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Amended Supplemental Complaint.

38. Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Amended Supplemental Complaint.

## AS TO FIFTH CAUSE OF ACTION

39. Answering Defendants answer paragraph 39 of the Amended Supplemental Complaint by realleging each and every response to preceding paragraphs as though fully set forth herein.

40. Answering Defendants deny the allegations contained in paragraph 40 of the Amended Supplemental Complaint.

41. Answering Defendants deny the allegations contained in paragraph 41 of the Amended Supplemental Complaint.

42. Answering Defendants deny the allegations contained in paragraph 42 of the Amended Supplemental Complaint.

43. Answering Defendants deny the allegations contained in paragraph 43 of the Amended Supplemental Complaint.

## AS TO SIXTH CAUSE OF ACTION

44. Answering Defendants answer paragraph 44 of the Amended Supplemental Complaint by realleging each and every response to preceding paragraphs as though fully set forth herein.

45. Answering Defendants deny the allegations contained in paragraph 45 of the Amended Supplemental Complaint.

46. Answering Defendants deny the allegations contained in paragraph 46 of the Amended Supplemental Complaint.

47. Answering Defendants deny the allegations contained in paragraph 47 of the Amended Supplemental Complaint.

## AS TO SEVENTH CAUSE OF ACTION

48. Answering Defendants answer paragraph 48 of the Amended Supplemental Complaint by realleging each and every response to preceding paragraphs as though fully set forth herein.

49. Answering Defendants deny the allegations contained in paragraph 49 of the Amended Supplemental Complaint.

50. Answering Defendants deny the allegations contained in paragraph 50 of the Amended Supplemental Complaint.

51. Answering Defendants deny the allegations contained in paragraph 51 of the Amended Supplemental Complaint.

52. Answering Defendants deny the allegations contained in paragraph 52 of the Amended Supplemental Complaint.

53. Answering Defendants deny the allegations contained in paragraph 53 of the Amended Supplemental Complaint.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

Answering Defendants deny that Plaintiff is entitled to any relief requested in the Amended Supplemental Complaint or any other relief.

## GENERAL DEINAL

Answering Defendants deny each and every allegation in the Amended Supplemental Complaint not specifically admitted herein.

**RESERVATION OF RIGHTS**

Answering Defendants reserve the right to amend this Answer to the Amended Supplemental Complaint and to assert additional defenses and/or supplement, alter, or change their Answer to the Amended Supplemental Complaint and Affirmative Defenses upon completion of appropriate investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

This Court lacks subject-matter jurisdiction to set-aside any transfers pursuant to New York Debtor-Creditor Law or attach any properties pursuant to CPLR 6201. This Court does not supplemental or ancillary jurisdiction over Plaintiff's New York Debtor-Creditor Law and/or CPLR 6201 claims. Alternatively, this Court should refuse to exercise supplemental or ancillary jurisdiction over Plaintiff's New York Debtor-Creditor Law or CPLR 6201 claims.

**SECOND AFFIRMATIVE DEFENSE**

Setting aside any transfers or attachment of any property is improper as Plaintiff is unlikely to succeed on the merits of his action against Original Defendants. Answering Defendants adopts all defenses available to Original Defendants.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to follow properly procedures, including without limitation, failure to make proper demands.

**FOURTH AFFIRMATIVE DEFENSE**

Setting aside any transfers or attachment of any property is improper as any transfers made by Original Defendants to Answering Defendants were not made with the intent to defraud any creditors or frustrate the enforcement of a judgment that might be rendered in Plaintiff's favor.

**FIFTH AFFIRMATIVE DEFENSE**

Setting aside any transfers or attachment of any property is improper as any transfers made by Original Defendants to Answering Defendants did not render Original Defendants insolvent and would not render Original Defendants unable to pay any potential judgment entered against Original Defendants in Plaintiff's favor.

**SIXTH AFFIRMATIVE DEFENSE**

Setting aside any transfers or attachment of any property is improper as Original Defendants did not retain any control or possession of any property after their transfer to Answering Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Setting aside any transfers or attachment of any property is improper as any transfers made by Original Defendants to Answering Defendants were not concealed, and Original Defendants did not abscond.

**EIGHTH AFFIRMATIVE DEFENSE**

Setting aside any transfers or attachment of any property is improper as any transfers made by Original Defendants to Answering Defendants since the transfers were not substantially all of Original Defendants' assets.

**NINTH AFFIRMATIVE DEFENSE**

Setting aside any transfers or attachment of any property is against interest of justice and law of equity, as Answering Defendants made contributions/improvements towards to properties, took out mortgages, made mortgage payments, paid property taxes, and paid utility bills on the real properties transferred by Original Defendants to Answering Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Subject to proof through discovery, some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff grossly inflated his claims of damages, legal fees, and cost. The legal fees and cost are unreasonably and unjustified and may be a result of churning.

**TWELVETH AFFIRMATIVE DEFENSE**

Plaintiff grossly inflated his claims of damages, legal fees, and cost. The legal fees and cost are unreasonably and unjustified.

**WHEREFORE**, Answering Defendants respectfully request that the Court: (a) dismiss the Amended Supplemental Complaint in its entirety and with prejudice; (b) deny each and every request for relief set forth in the Amended Supplemental Complaint; (c) award Answering Defendants their reasonable attorneys' fees and cost; and (d) award Answering Defendants any other relief the Court deems just and proper.

Dated: August 27, 2020  Xue & Associates, P.C.
       Glen Cove, New York  *Attorneys for Defendants Po Kum Chan, Ronald Chan, Roy Chan, and Jiazhen Liao*

By: /s/ Benjamin B. Xue
Benjamin B. Xue, Esq.
1 School Street, Suite 303A
Glen Cove, NY 11542
Tel.: (516) 595-8887