# LAW OFFICES OF CHEN & ASSOCIATES, P.C.
## COUNSELORS & ATTORNEYS AT LAW

**Queens Office**
39-15 Main Street, Suite 502
Flushing, New York 11354
Tel: (718)886-1858/4858
Fax: (800) 490-0564

**Brooklyn Office**
6402 8th Ave., Suite 604
Brooklyn, NY 11220
Tel: (347) 899-4777
Fax: (800) 490-0564
www.ymclaw.com
*Please direct all correspondence to our Queens Office*

\*\* Yimin Chen
mindy@ymclaw.com
\*Feng Xia
erin@ymclaw.com
Beini Zhang
betty@ymclaw.com
\*Binyue Xiao
brianna@ymclaw.com

\*\*Admitted in NY and NJ
\*Admitted in NY

VIA ECF FILING                                                              October 9, 2020

**Hon. Cheryl L. Pollak**
United States Magistrate Judge
United States District Court – E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re: He v. China New Star Restaurant, Inc, et al., 19-CV-05907 (PKC) (CLP)**

Dear Your Honor:

     This office represents Defendants China New Star Restaurant, Inc., Wai Leung Chan, Wai Shun Chan and Wai Wen Chan (the original defendants) in the above-referenced case. We submit this letter in response to Plaintiff's opposition and in further support of our letter motion requesting the Court to permit subpoenas of the non-parties including Plaintiff's loan application for purchasing a house at 151 Lamport Blvd., Staten Island, New York, Plaintiff's application for Medicaid benefit, as well as his unemployment application, and to compel Plaintiff to give consent to release his unemployment and Medicaid applications as well as to produce his complete tax returns from 2013 to 2019

    1. **Request to Compel Production of Plaintiff's Tax Returns:**
The original Defendants complied with the Local Rule 37.3 and Fed. R. Civ. Pro (37)(a), conferring with Plaintiff after he objected to release his tax returns to original Defendants. The original Defendants served Plaintiff with the request for his tax returns on June 10, 2020 and received Plaintiff's response and objections dated July 14, 2020. Thereafter, the original defendants conferred with Plaintiff on July 16, 2020 through telephone, requesting Plaintiff to produce his tax returns and trying to resolve the issue without the Court's intervention. However, Plaintiff claimed they would not produce without the Court's order since the tax returns are confidential. Further, Plaintiff's attorney asserted that the original Defendants obtained the information of Plaintiff's W-2s and thus, there is no need to produce the tax returns. Even though the

undersigned explained the difference between the W-2 and tax return and promised to treat the income tax returns confidential, Plaintiff refused to produce. Moreover, the original defendants' prior counsel, Mr. Bradley S. Silverbush, also made the request for Plaintiff's tax returns in 2019, which had been rejected by Plaintiff as well.

As explained in our letter motion dated October 6, 2020, the original Defendants had explained that Plaintiff's tax returns are relevant to the action because they contain Plaintiff's annual wages, tips and other incomes. The original Defendants provided Plaintiff's W-2s and employee details (paystubs), on which the wages and hours, according to Plaintiff, are contrary to Plaintiff's statement regarding his working hours and weekly payments. See Exhibit A of Dkt. 95. Thus, Defendants is entitled to Plaintiff's tax returns which are relevant to his claims.

Furthermore, the original Defendants challenged Plaintiff's credibility primarily because: a) Plaintiff stole the cash and forged the check receipts for more gratuities; b) the statements in his declaration were contradictory to his allegations in the original complaint and c) Plaintiff could afford buying a house while still receiving Medicaid benefit. Thus, it is possible that the more documents Plaintiff provided regarding his income, the more truth or contradiction will be revealed.

2. **Request to Compel Consent:**
The original Defendants conferred with Plaintiff's attorney by email to get Plaintiff's consent and/or authorization of the release for his Medicaid applications. At that time, the undersigned did not receive the request from the Department of Labor regarding its specific authorization form. Plaintiff clearly objected to all non-party subpoenas, including the subpoena issued to the Department of Labor for his unemployment application, and refused to sign the consent on HIPPA form. The undersigned conferred with Plaintiff's attorney by email and explained the reasons for the third-party subpoenas. However, the original defendants could not resolve the dispute regarding all non-party subpoenas and failed to obtain Plaintiff's consent. In good faith, the undersigned believes that she complied with the Local Rule 37.3 and Fed. R. Civ. Pro (37)(a). Therefore, the original made the request for consent and/or authorization for his unemployment application in the letter dated October 06, 2020.

As the undersigned explained in the letter dated October 6, 2020 and explained above, the actual income and the yearly income which were admitted by Plaintiff himself in the unemployment application, Medicaid application and loan application are substantially relevant to the action. These documents shall reveal the facts of Plaintiff's real income and the truthfulness of Plaintiff's claims. Furthermore, the original defendants promised to treat the said documents confidential and enter into a confidentiality agreement with Plaintiff.

3. **Defendant's Third-Party Subpoenas:**
The undersigned apologized again for the office's negligence due to remote work and less supervision on the junior associates. To the date that Plaintiff filed the letter motion to challenge the non-party subpoenas, there is no responsive documents produced by each subpoena. And the undersigned has sent out the notices to stay the subpoenas pursuant to Your Honor's Order of October 7, 2020.

Plaintiff argued the third-party subpoenas were not allowed given the status of this case because Your Honor has not issued any scheduling order. However, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiff has not articulated any valid ground for limiting original Defendants' right to discovery under Fed. R. Civ. P. 26. And it would be against public policy encouraging parties to engage active discovery and to resolve the litigation as soon as possible.

Lastly, Plaintiff argued that the requested information sought by original defendants' third-party subpoenas, i.e., Plaintiff's loan application, Medicaid application and unemployment benefit application were irrelevant to the issues of hours worked or hourly or weekly wages received by Plaintiff. This argument is simply untenable. It is clear that Plaintiff would be required to provide his employment information such as wages, job title, duration of employment on his loan application, Medicaid application, or unemployment benefit application especially. Moreover, when Plaintiff has both applied for mortgage for purchasing a house and Medicaid application, it is questionable what his real income would be given the completely opposite standards under the two applications.

For the foregoing reasons, the original defendants respectfully request for an Order permitting the subpoenas of the non-parties and compelling Plaintiff to give consent to release his unemployment and Medicaid applications as well as to produce his complete tax returns from 2013 to 2019.

We thank Your Honor for your time and kind consideration of these matters.

Respectfully submitted.

/s/ Yimin Chen
Yimin Chen, Esq.

Cc: Via ECF
All counsel of record