UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
YONG XIONG HE,

                            **Plaintiff,**          **ECF CASE**

           **- versus -**               **No. 1:19-cv-05907-PKC-CLP**

CHINA NEW STAR RESTAURANT, INC.,
WAI SHUN CHAN, WAI LEUNG CHAN,
WAI WEN CHAN, PO KUM CHAN,
RONALD CHAN, ROY CHAN, JIAZHEN
LIAO, CHING MAN HONG CHAN, JOSEPH
CHAN, and ELTON CHAN,

                            **Defendants.**
-------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN
ORDER (1) SETTING A COURT HEARING, OR IN THE ALTERNATIVE,
PERMITTING DISCLOSURE, AND (2) REQUIRING THE TURNOVER OF FUNDS
AND SERVICE OF A CPLR § 6219 STATEMENT, INCLUDING BY, IF
APPROPRIATE, HOLDING INDIVIDUAL DEFENDANT(S) OR GARNISHEE(S) IN
CONTEMPT**

Michael L. Winston (MW 2607)
Jessica Harris (JH 3134)
GLADSTEIN, REIF & MEGINNISS, LLP
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
mwinston@grmny.com
jharris@grmny.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .......................................................................................................................4

    1.  The Orders of This Court Attaching the Fraudulently Assigned
       Mortgage Proceeds, and Requiring the Turnover of Funds and Service
       of CPLR § 6219 Statements ...........................................................................................4

    2.  No Mortgage Proceeds Have Been Turned Over and Kristy Li Did Not
       Serve a 6219 Statement ..................................................................................................6

ARGUMENT ...........................................................................................................................8

    I.  THIS COURT SHOULD ISSUE AN ORDER PROVIDING
       FOR A COURT HEARING AND THE TURNOVER
       OF ALL MORTGAGE PROCEEDS TO THE SHERIFF ...........................................8

        A.  The Post-10/22 Proceeds.....................................................................................8

        B.  The Pre-10/22 Proceeds ....................................................................................10

           1.  A Turnover of Pre-10/22 Proceeds Would Accord with
              CPLR §6214(b)....................................................................................10

           2.  A Turnover of Pre-10/22 Proceeds is Necessary to
              Secure These Funds .............................................................................12

    II.  THIS COURT SHOULD HOLD KRISTY LI IN CONTEMPT FOR
        FAILING TO SERVE A 6219 STATEMENT ...........................................................13

CONCLUSION.......................................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91 (2d Cir. 2016).....................................14

*Eisenberg v. Citation-Langley Corp.*, 115 Misc. 2d 650 (Sup Ct, NY County
    1982)..................................................................................................................................11

*Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911)...............................................14

*Hom-De-Lite Realty Corp. v. Trimboli*, 28 A.D.2d 1127 (2d Dep't 1967) ...................................11

*Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533 (2009) ...........................................................11

*Lowenthal v. Hodge*, 120 A.D. 304 (1st Dep't 1907)....................................................................14

*NLRB v. Local 3, Int'l Bhd. Of Elect. Workers*, 471 F.3d 399, 406 (2d Cir. 2006)......................14

*Weitzman v. Stein*, 98 F.3d 717 (2d Cir. 1996) ............................................................................14

*Ythan Ltd. V. Americas Bulk Transp. Ltd.*, No. 04 COV/ 6655 (PKC), 2004 WL
    2813101 (S.D.N.Y. Dec. 7, 2004) ........................................................................................11

**Rules and Commentaries**

CPLR § 105(i) ...................................................................................................................................6

CPLR § 6214(b) .......................................................................................................................2, 6, 11

CPLR § 6214(d) ................................................................................................................................6

CPLR § 6219....................................................................................................................................6

CPLR § 6220...................................................................................................................................10

FRCP 64(a) .....................................................................................................................................11

FRCP 64(b) .....................................................................................................................................11

Legislative Studies and Reports, McKinney's CPLR of NY, 6214, Subd. (b)...............................12

Vincent C. Alexander, Practice Commentaries McKinney's CPLR of NY,
    C6214:1...........................................................................................................................13

Vincent C. Alexander, Practice Commentaries McKinney's CPLR of NY,
C6214:2.................................................................................................................................12

Vincent C. Alexander, Practice Commentaries McKinney's CPLR of NY,
C6214:2(c)............................................................................................................................14

Vincent C. Alexander, Practice Commentaries McKinney's CPLR of NY,
C6214:3(c)............................................................................................................................11

Plaintiff Yong Xiong He ("Plaintiff") submits this memorandum of law in support of his Motion for an Order (1) Setting a Court Hearing, or in the Alternative, Permitting Disclosure, and (2) Requiring the Turnover of Funds and Service of a CPLR § 6219 Statement, Including by, if Appropriate, Holding Individual Defendant(s) or Garnishee(s) in Contempt.  This Motion is brought under Rule 64 of the Federal Rules of Civil Procedure ("FRCP") and Sections 6214, 6219, and 6220 of the New York Civil Practice Law and Rules ("CPLR").

## PRELIMINARY STATEMENT

This Motion concerns the latest in a series of efforts (described below) to conceal assets of "Original Defendants" Wai Leung Chan ("Wai Leung") and Wai Shun Chan ("Wai Shun") in order to thwart Plaintiff's ability to enforce a future judgment in his favor.

These efforts started a little over a month after Plaintiff brought his action, when Wai Leung and Wai Shun Chan fraudulently transferred their interests in four properties to their spouses and children.

This Motion focuses on one of those fraudulently transferred assets:  the so-called "Li Mortgage."  A month *before* the commencement of the lawsuit, Wai Leung and Wai Shun lent $600,000 to Kristy Ling Feng Li ("Kristy Li") and, in turn, Kristy Li pledged property as security and agreed to repay Wai Leung and Wai Shun $6,661.23 a month for ten years.  Soon *after* the lawsuit was filed, Wai Leung and Wai Shun fraudulently assigned the Li Mortgage to Wai Leung's wife, Po Kum Chan ("Po Kum"), and Wai Shun's son, Elton Chan ("Elton"), so the loan repayments would be paid to Po Kum and Elton, not to Wai Leung and Wai Shun.

This Court issued Orders attaching three of the four fraudulently transferred properties, including the Li Mortgage and its proceeds (the "Mortgage Proceeds"), *see* Memorandum and Order, dated October 22, 2020 [Dkt. # 98] ("10/22/20 Order"), and Order of Attachment, dated

1

November 19, 2020 [Dkt. # 102] ("11/19/20 Order").  The Sheriff of the City of New York (the "Sheriff") then served these two Attachment Orders on Wai Leung, Wai Shun, Kristy Li, Po Kum and Elton.

Under the CPLR, this levy on the Mortgage Proceeds meant that:  (i) these five individuals had to turn over Mortgage Proceeds and, for Kristy Li, Mortgage debt payments (as the debt amount came due) to the Sheriff, *see* CPLR § 6214(b), and (ii) the three garnishees (Kristy Li, Po Kum and Elton) each had to serve the Sheriff with a CPLR § 6219 statement ("6219 Statement").

But nothing happened:  no Mortgage Proceeds or 6219 Statements were provided to the Sheriff.  The Mortgage Proceeds remained unsecured and concealed.

As a result, Plaintiff was compelled to file an additional motion seeking an Order requiring these five individuals to abide by the CPLR.  In response, this Court issued an Order, dated February 18, 2021 [Dkt. # 115] ("2/18/21 Order"), requiring:  (1) Kristy Li to submit Li Mortgage debt amounts due (and future debt amounts as they came due) to the Sheriff; (2) Wai Leung, Wai Shun, Po Kum and Elton to each remit to the Sheriff all Mortgage Proceeds received after the 10/22/20 Attachment Order issued, and (3) the three garnishees to serve 6219 Statements on the Sheriff.

The response – or lack of one – to the 2/18/21 Order is the subject of the instant Motion: Not one dollar of the Mortgage Proceeds has been deposited with the Sheriff (the Proceeds thus remain hidden) and one garnishee (Kristy Li) has failed to serve a 6219 Statement.

More particularly:  The Sheriff reported that Kristy Li has not submitted any funds or a 6219 Statement to the Sheriff.  Wai Leung and Wai Shun, in a letter to this Court (filed on February 24, 2021), claim that they did not receive any Mortgage Proceeds after October 22,

2020.  And, in a February 26, 2021 letter to this Court and in their 6219 Statements, Po Kum and Elton assert that, while Kristy Li paid each of them $39,967.44 after the fraudulent assignment of the Li Mortgage, since October 22, 2020, "no mortgage proceeds have been paid pursuant" to the Li Mortgage.  Taken at face value, this latter statement suggests that, notwithstanding the terms of the Li Mortgage, Kristy Li simply ceased making the monthly Mortgage payments after the October 22 Order issued.[1]  On the other hand, the amount of the Proceeds received by Po Kum and Elton suggests that they did receive payments after October 22, 2020, *see* further discussion at 7-8, *infra*.

Given this situation and in order to obtain the security this Court sought to provide Plaintiff through the attachment of the fraudulently transferred property, *see, e.g.,* 10/22/20 Order at 30, n.16 (Order to "protect Plaintiff's interest in the event of judgment in his favor"), Plaintiff seeks an Order aimed at obtaining the turnover of the Mortgage Proceeds and requiring Kristy Li to serve a 6219 Statement.  Specifically, Plaintiff requests an Order:  (1) setting a date for a Court hearing, in order to uncover who (among Kristy Li, Wai Leung, Wai Shun, Po Kum and Elton) possesses the Mortgage Proceeds for the period after the Court's 10/22/20 Order and why these amounts have not been turned over to the Sheriff (or, in the alternative, permitting Plaintiff to pursue disclosure under CPLR §6220), and if appropriate, holding in contempt whoever has improperly withheld such Proceeds from the Sheriff; (2) in accord with CPLR §6214, requiring that the Mortgage Proceeds received by Wai Leung, Wai Shun, Po Kum or Elton prior to the date of the 10/22/20 Order be turned over to the Sheriff; and (3) holding Kristy Li  in contempt for failing to serve a 6219 Statement on the Sheriff, as required by the 2/18/21. Order.

---

[1] Any cessation of payments by Kristy Li as of October 22, 2020 could have been at someone else's direction; she was not served with the 10/22/20 Order until January 13, 2021.

3

# BACKGROUND

## 1. The Orders of This Court Attaching the Fraudulently Assigned Mortgage Proceeds, and Requiring the Turnover of Funds and Service of CPLR § 6219 Statements

Plaintiff commenced this action on October 18, 2019 under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and New York Labor Law against (1) Wai Leung, (2) Wai Shun, (3) Wai Wen Chan, and (4) China New Star Restaurant, Inc. (the "Original Defendants").  *See* Complaint [Dkt. #1], ¶¶ 1, 6-11, 18-41.

On September 1, 2019, approximately a month prior to the filing of this lawsuit, Wai Leung, Wai Shun and Kristy Li entered the Li Mortgage under which Wai Leung and Wai Shun loaned $600,000 to Kristy Li, who pledged property she owned located at 7814 16th Avenue, Brooklyn, NY as security for the loan.  *See* Declaration of Thomas Curtin, filed on July 6, 2020 ("Curtin Decl.") [Dkt. # 32], ¶ 10(a), (b) & Exs. P, Q at 1-2, 7 (¶ 8).  Under the Li Mortgage, Kristy Li was required to pay Wai Leung and Wai Shun $6,661.23 per month for ten years, with payments due on the first of each month commencing October 1, 2019.  *See* Curtin Decl. ¶ 10(b) & Ex. Q at 1-2, 7 (¶ 8), 8.

On November 27, 2019, approximately one month after the filing of Plaintiff's lawsuit, Wai Leung and Wai Shun assigned the Li Mortgage to Po Kum, the wife of Wai Leung, and Elton, a son of Wai Shun, for "consideration of ten ($10)," even though $592,659.23 in principal remained on the loan.  *See* Curtin Decl. ¶ 10(c) & Ex. R at 1-3; 10/22/20 Order at 19.  As a result of this assignment, the monthly $6,661.23 Mortgage Proceed payments would be made by Kristy Li to Po Kum and Elton, not to Wai Leung or Wai Shun.

Plaintiff thereafter filed a motion seeking an order to among other things attach the Li Mortgage and its Proceeds as well as other properties that Wai Leung and Wai Shun had

transferred to their spouses and children [Dkt. # 28].[2]  In its 10/22/20 Order, this Court granted

this motion in part, finding among other things that: (1) Wai Leung and Wai Shun assigned their

Mortgage interest to Po Kum and Elton – and transferred three additional properties to family

members – "with the intent to defraud Plaintiff" and to "'frustrate the enforcement of a judgment

that might be rendered in [P]laintiff's favor,'" 10/22/20 Order at 19 (quoting CPLR § 6201(3));

(2) "attachment [of the Li Mortgage and two other properties was] warranted given [the Court's]

finding of the Original Defendants' fraudulent intent in making . . . [these] transfers, and the

uncertainty of Plaintiff's ability to enforce a potential judgment in his favor if the properties are

disposed of during the pendency of the original action," *id.* at 29; and, (3) the "attachment [of

these properties was] . . . sufficient to protect Plaintiff's interest in the event of judgment in his

favor," *id.* at 30 n.16.

In its subsequent 11/19/20 Order, this Court ordered among other things that the Sheriff

"shall levy" on the three attached properties, including the Mortgage Proceeds, finding that

"Defendants [Wai Leung and Wai Shun] have an interest" in each of these properties, *see*

11/19/20 Order at 2.

The Sheriff levied on the Mortgage Proceeds by serving a copy of the two Orders of

Attachment and a Notice of Attachment on Wai Leung, Wai Shun, Po Kum, Elton, and Kristy Li.

*See* Declaration of Jessica Harris, dated February 12, 2021 ("Harris Decl."), ¶¶ 5–8 & Exs. B – E

[Dkt. # 113].[3]  That service triggered CPLR requirements:  all five of these defendants and

---

[2] In this motion [Dkt. # 28], Plaintiff also requested leave to file a Supplemental Complaint under FRCP 15(d) and 21, which among other things would add claims under the New York Debtor and Creditor Law and the CPLR, and joined among others Po Kum and Elton as defendants.  On July 7, 2020, this Court authorized Plaintiff to file the supplemental pleading.  *See* 10/22/20 Order at 5; *see also* Pl.'s Am. Suppl. Compl. [Dkt. # 68].

[3] The Sheriff served these documents on:  Elton on December 8, 2020; Po Kum on December 21, 2020; Wai Shun on December 21, 2020; Wai Leung on December 21, 2020; and Kristy Li on January 13, 2021.  *See* Harris Decl. ¶¶ 5–8 & Exs. B - E.

garnishees were required to turn over their Mortgage Proceeds to the Sheriff, and the three

garnishees[4] – Po Kum, Elton, and Kristy Li – were required to provide the Sheriff with 6219

Statements.  *See* CPLR §§ 6214(b), (d), 6219.

But, no Proceeds or 6219 Statements were provided to the Sheriff.  Plaintiff therefore

moved on February 12, 2021 for an order requiring these individuals to fulfill their CPLR

obligations [Dkt. # 111].  In its 2/18/21 Order, this Court required among other things that:  (1)

"within 5 days of being served with this Order,"[5] Kristy Li turn over "any debt payments that are

then due under the Li Mortgage, and pay the upcoming amounts due under the Li Mortgage to

the Sheriff as they become due," and serve on the Sheriff a 6219 Statement, and (2) "within 5

days of this Order," Po Kum, Elton Wai Leung and Wai Shun turn over to the Sheriff any

Mortgage Proceeds they received after the 10/22/20 Order issued, and that Po Kum and Elton

serve on the Sheriff 6219 Statements.  2/18/21 Order at 2.[6]

On February 22, 2021, counsel for Po Kum and Elton requested an extension until

February 26, 2021 to respond to the 2/18/21 Order [Dkt. # 120].  This Court granted that request

the same day.

## 2. No Mortgage Proceeds Have Been Turned Over and Kristy Li Did Not Serve a 6219 Statement

**Kristy Li:**  On March 19, 2021 and again on April 8, 2021, the Sheriff stated that "Ms.

Kristy Ling Feng Li has not turned over any funds" to the Sheriff.   *See* Declaration of Michael

---

[4] "A 'garnishee' is a person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest." CLPR § 105(i).

[5] Kristy Li was served with the 2/18/21 Order on February 22, 2021 [Dkt. # 126].

[6] The 6219 statements had to "specify[] all debts of each garnishee to Defendants Wai Shun Chan and Wai Leung Chan and when such debts are due, all property in their possession or custody in which Defendants Wai Shun Chan and Wai Leung Chan have an interest, and the amounts and value of the debts and property specified, specifically with regard to the Mortgage Proceeds."  2/18/21 Order at 2.

L. Winston (dated April 9, 2021) ("Winston Decl."), ¶2 & Exhibit A (March 19, 2021 and April 8, 2021 emails of Undersheriff Orpheus Cuttino).[7]   The Sheriff also stated that Kristy Li "has not . . . furnished the Sheriff's Office with a CPLR §6219 statements to date."   *See id.*

**Wai Leung and Wai Shun:**   In their letter filed with this Court on February 24, 2021 (but dated January 23, 2021), Wai Leung and Wai Shun claim that they did not receive any Mortgage Proceeds after October 22, 2020 [Dkt. # 124].

**Po Kum and Elton:**   In their 6219 Statements, Po Kum and Elton acknowledged that from November 29, 2019 (two days after the date of the fraudulent assignment of the Li Mortgage) until February 26, 2021 (the date of the Statements), each received $39,967.44 (a total of $79,934.88) "on account of the Li Mortgage."   *See* Winston Decl., ¶3 & Exhibits B (6219 Statements of Po Kum and Elton).   But, they added in a February 26, 2021 letter to this Court that, since October 22, 2020, "*no mortgage proceeds have been paid pursuant*" to the Li Mortgage [Dkt. # 127 (emphasis added)].   This latter statement suggests that, as of October 22, 2020, Kristy Li for some unstated reason and despite the terms of the loan agreement, stopped making Mortgage loan repayments.

This February 26 statement was also apparently meant to claim that Po Kum and Elton did not receive any Mortgage Proceeds after October 22, 2020; the numbers, however, suggest otherwise.   As noted, the Li Mortgage provided for monthly payments of $6,661.23 due the first of each month and Po Kum and Elton received a total of $79,934.88.   This means that Po Kum and Elton received twelve (12) monthly payments ($79,934.88 *divided by* $6,661.23).   Under the Li Mortgage payment process, the first monthly payment following the November 27, 2019 fraudulent assignment of the Li Mortgage to Po Kum and Elton would have been due and paid

---

[7] There is no indication on the Automated City Register Information System of the New York City Department of Finance of any satisfaction of the Li Mortgage.  *See* Winston Decl. ¶5.

on December 1, 2019; the twelfth of these Li Mortgage payments to Po Kum and Elton would then have been due and paid on November 1, 2020 – *after* the date of the 10/22/20 Order.[8]

    In their 6219 Statements, Po Kum and Elton also asserted that, (1) it is "Not Applicable" whether Po Kum and Elton have "property [in their possession or custody] in which the defendants Wai Shun Chan and Wai Leung Chan have an interest," and (2) the Court in its 10/22/20 Order "did not undo the conveyance" of the Li Mortgage from Wai Leung and Wai Shun to Po Kum and Elton, see Winston Decl. ¶3 and Ex. B.

*    *    *

    As now demonstrated, this Court should issue an Order that will ensure that the Mortgage Proceeds and the 6219 Statement from Kristy Li are provided to the Sheriff.

<strong><u>ARGUMENT</u></strong>

**I.    THIS COURT SHOULD ISSUE AN ORDER PROVIDING FOR A COURT HEARING AND THE TURNOVER <u>OF ALL MORTGAGE PROCEEDS TO THE SHERIFF</u>**

    The discussion below of the missing Mortgage Proceeds is divided into two separate sections covering:  (1) Proceeds owed or received after this Court's 10/22/20 Order (the "Post-10/22 Proceeds"), and (2) Proceeds owed or received prior to this Court's 10/22/20 Order (the "Pre-10/22 Proceeds").

**A.  The Post-10/22 Proceeds**

    The Court has already ordered that Wai Leung, Wai Shun, Po Kum, Elton, and Kristy Li must turn over all Mortgage Proceeds owed or received after October 22, 2021 to the Sheriff.  As

---

[8] By email dated March 3, 2021, Plaintiff's counsel asked counsel for Po Kum and Elton "when this twelfth Mortgage payment was paid to Po Kum Chan and Elton Chan."  Winston Decl., ¶4 and Ex. C (explaining why the twelfth Mortgage payment to Po Kum and Elton would have been due and paid on November 1, 2020).  On March 9, 2021, counsel for Po Kum and Elton responded that "I have your email and will respond."  *Id.*  No further response, however, has been received.  *Id.*

8

noted above, none of these individuals has turned over any Post-10/22 Proceeds to the Sheriff. However, who among these individuals possesses these Proceeds remains unclear. Both sets of the "mortgagees" claim they have not received any Post-10/22 Proceeds, and Po Kum and Elton indicate that, since October 22, 2020, "no mortgage proceeds have been paid pursuant" to the Li Mortgage.

If accurate, Kristy Li holds and owes debt money for Post-10/22 Proceeds and should be required to turn over to the Sheriff the Mortgage Proceeds from debts due October 22, 2020 until current (and to continue to turn over the Proceed amounts for future debts as they come due) – with interest[9] – to secure these amounts.

But, there are a number of unanswered questions.  Did Kristy Li cease paying back the Li Mortgage loan as of October 22, 2020 (without turning over these amounts to the Sheriff)?  If so, why did she do this?  Kristy Li was not served with the 10/22/20 Order until January 13, 2021. Did someone (a defendant, for example) urge or direct Kristy Li – who apparently is not represented by counsel, Winston Decl., ¶6 –  soon after the 10/22/20 Order issued, to cease making Mortgage repayments but not to remit these debt amounts to the Sheriff?  Were these Post-10/22 Proceeds somehow provided to others – in defiance of this Court's 2/18/21 Order and CPLR § 6214(b) (until garnishee transfers levied attached property to the Sheriff, "the garnishee is forbidden to [among other things] . . .  transfer [], or [] interfere[] with any such [levied upon] property . . . , except upon direction of the sheriff or pursuant to an order of the court")?

---

[9] The Mortgage Proceeds include any interest owed by Kristy Li for late monthly payments.  *See* Curtin Decl. Ex. Q at 8 ("five (5%) percent late charge" owed for monthly installments not paid within fifteen days of due date).

Moreover, there is an indication that Kristy Li did not stop making debt repayments as of October 22. As explained above (at 7-8), Po Kum and Elton may have received a Mortgage Proceeds payment in November 2020.

To sort all of this out (and prevent these assets from being wasted), we request that this Court (1) hold a hearing as soon as the Court is available requiring these five individuals to account for the Post-10/22 Proceeds (or, in the alternative, permit Plaintiff to pursue discovery under CPLR § 6220),[10] and (2) if appropriate, hold in contempt whoever has improperly withheld Post-10/22 Proceeds from the Sheriff or interfered with the requirements or operation of the 2/18/21 Order, *see infra* at 14-15 (discussing contempt standard).

## B.   The Pre-10/22 Proceeds

Although the Court previously ordered Po Kum, Elton, Wai Leung and Wai Shun to provide the Sheriff only with Mortgage Proceeds they received after the 10/22/20 Order issued, given the recent statements of Po Kum and Elton and the past actions of Wai Leung and Wai Shun, this Court should now order – consistent with CPLR § 6214(b) – that the Mortgage Proceeds conveyed prior to October 22, 2020 be turned over to the Sheriff.

### 1.   A Turnover of Pre-10/22 Proceeds Would Accord with CPLR §6214(b)

Pre-judgment attachment of fraudulently transferred personal property under CPLR Article 62 is used to secure the property – to satisfy a judgment should plaintiff prevail – by

---

[10] Discovery under CPLR § 6220 would consist of document requests and depositions of these five defendants/garnishees to find out where are the Post-10/22 Proceeds and why haven't they been turned over to the Sheriff. We note our strong preference for a Court hearing rather than a Section 6220 discovery process because we believe that a Court hearing will much more expeditiously (and for far less expense for the parties and Kristy Li) locate and secure the Post-10/22 Proceeds.

ensuring that the property is held by the Sheriff so as to restrict a defendant's free access to the property.[11]  As the New York Court of Appeals stated:

> By means of attachment [under CPLR Article 62], a creditor effects the prejudgment seizure of a debtor's property, to be held by the sheriff, so as to apply the property to the creditor's judgment if the creditor should prevail in court. Attachment simply keeps the debtor away from his property or, at least, the free use thereof; it does not transfer the property to the creditor. It is frequently used when the creditor suspects that the debtor is secreting property . . . .

*Koehler v. Bank of Bermuda Ltd.,* 12 N.Y.3d 533, 538 (2009).  *Accord* 10/22/20 Order at 30 n.16 (attachment of the Mortgage Proceeds "protect[s] Plaintiff's interest in the event of judgment in his favor").

To effectuate this seizure, CPLR § 6214(b) requires a garnishee or defendant[12] to turn over to the Sheriff *all* property he or she holds – property he or she possessed either at the time the levy took place or at any time thereafter – that is subject to the levy unless otherwise ordered by the court.  *See* CPLR § 6214(b) ("All property in which the defendant is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person shall be subject to the levy."); *see also Eisenberg v Citation-Langley Corp.,* 115 Misc. 2d 650, 653 (Sup Ct, NY County 1982) ("In other words [under Section 6214], once served with the order, the garnishee must transfer any property belonging to the defendant debtor which the garnishee has or comes to possess . . . ." (emphasis added)); *Ythan Ltd. v. Americas Bulk Transp.*

---

[11] FRCP 64(a) provides that, in a federal court action, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." The "remedies available under this rule include . . . attachment; garnishment . . . and other corresponding and equivalent remedies."  FRCP 64(b).  Here, Plaintiff seeks attachment and garnishment remedies – asking for an order under CPLR § 6214(d) compelling the garnishees and Defendants to turn over the Mortgage Proceeds and, compelling (through a contempt order) Kristy Li to serve a 6219 Statement.

[12] The same CPLR § 6214 procedure for compelling a turnover of funds to the Sheriff can also "be invoked when the defendant himself holds the property."  Vincent C. Alexander, Practice Commentaries McKinney's CPLR of NY, C6214:3(c) (citing *Hom-De-Lite Realty Corp. v. Trimboli*, 28 A.D.2d 1127, 1127 (2d Dep't 1967)).

*Ltd., No. 04* COV/ 6655 (PKC), 2004 WL 2813101 at *1-2 (S.D.N.Y. Dec. 7, 2004) (under CPLR Section 6214(b), garnishee must turn over funds it possessed when funds were first attached as well as funds after acquired); Vincent C. Alexander, Practice Commentaries McKinney's CPLR of NY, C6214:2, and Legislative Studies and Reports, McKinney's CPLR of NY, 6214, Subd.(b) (providing among other things that the levy is effective against property held by the garnishee "at the time of service" and property "that comes into the garnishee's possession").

Briefly put, a Court order requiring the garnishees to turn over to the Sheriff Mortgage Proceeds conveyed to them prior to the Court's October 22, 2020 order would be consistent with CPLR §6214.

### 2.   **A Turnover of Pre-10/22 Proceeds is Necessary to Secure These Funds**

**Pre-10/22 Proceeds of Po Kum and Elton.**   Po Kum and Elton received tens of thousands of dollars of Pre-10/22 Proceeds.  But, their 6219 Statements also strongly suggest that these two (wrongly) believe that they properly received this property.  In this regard, Po Kum and Elton each state that:  (1) this Court "did not undo the [Li Mortgage] conveyance" in its 10/22/20 Order, and (2) it is "Not Applicable" whether Po Kum and Elton have "property [in their possession or custody] in which the defendants Wai Shun Chan and Wai Leung Chan have an interest," *see supra* at 8.

While the meaning of these assertions is somewhat unclear, they appear to indicate that Po Kum and Elton take the position that, (1) because the Court did not "undo" the assignment of the Li Mortgage to them, they do not hold any Proceeds in which Wai Shun Chan and Wai Leung Chan have an interest, and (2) as a result, since September 27, 2019, when the Li Mortgage was assigned to them, they have been legitimate mortgagees and they properly possess

12

and own the Pre-10/22 Proceeds they received.  Such a contention, of course, disregards basic

facts:  that Po Kum and Elton received Mortgage Proceeds only because of an invalid Mortgage

assignment to them, *see* 10/22/21 Order at 19, and that this Court already found that "Defendants

[Wai Leung and Wai Shun] have an interest" in the Mortgage Proceeds, *see* 11/19/20 Order at 2.

But, more importantly, a belief by Po Kum and Elton that they properly received and

hold Pre-10/22 Proceeds considerably elevates the risk that they will spend these Proceeds,

contrary to the operation of CPLR § 6214, *see* Vincent C. Alexander, Practice Commentaries

McKinney's CPLR of NY, C6214:1 (service of attachment order "imposes an immediate

prohibition [on the garnishee] on transfer of the property").  As a result, this Court should require

Po Kum and Elton to turn over the Pre-10/22 Proceeds to the Sheriff to ensure that these attached

assets "are [not] disposed of during the pendency of the original action," and are thus available to

Plaintiff "to enforce a potential judgment in his favor," *see* 10/22/20 Order at 29

**Pre-10/22 Proceeds of Wai Leung and Wai Shun.**  Wai Leung and Wai Shun likely

also received Pre-10/22 Proceeds, as two months of payments were due under the Li Mortgage

prior to its fraudulent assignment.  The past actions (*see supra* 4, 6) of these two Original

Defendants show that, if they hold any Pre-10/22 Proceeds, they may very well seek to hide

these assets – and not provide them to Plaintiff should he prevail in this case.  For this reason,

this Court should also require these two Original Defendants to turn over Pre-10/22 Proceeds

they received.

## II.     THIS COURT SHOULD HOLD KRISTY LI IN CONTEMPT FOR FAILING TO SERVE A 6219 STATEMENT

Kristy Li was required by Order of this Court to serve a 6219 Statement on the Sheriff by

March 1, 2021.  *See* 2/18/21 Order at 2 ("Kristy Ling Feng Li, within 5 days of being served with

this Order, [shall] serve on the Sheriff" a 6219 Statement); *supra* at 6 n.5 (Kristy Li was served

13

with 2/18/21 Order on February 22, 2021).  She did not comply with this Court Order and therefore should be held in contempt in order to require her "to do what [s]he has refused to do." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911).

"A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner."  *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).  Here, the 2/18/21 Order and Kristy Li's non-compliance are clear:  Kristy Li was required to serve the Sheriff with her 6219 Statement by March 1, 2021 and she did not.  There is also no indication that she attempted to comply with this Court ordered obligation.

This Court should therefore invoke its "'inherent power'" to enforce its 2/18/21 Order by "coerc[ing] the contemnor into compliance."  *Id.* at 101 (quoting *NLRB v. Local 3, Int'l Bhd. of Elect. Workers*, 471 F.3d 399, 406 (2d Cir.2006).  *See also* Vincent C. Alexander, Practice Commentaries McKinney's CPLR of NY, C6214:2(c) (contempt sanctions may be sought against "garnishee who willfully disregards the obligations imposed by the levy") (citing *Lowenthal v. Hodge*, 120 A.D. 304 (1st Dep't 1907)).

This Court should also require Kristy Li to pay Plaintiff for the attorneys' fees and costs he has incurred – or here, a part of the fees and costs incurred, given that this overall Motion is directed at five individuals – in seeking compliance by Kristy Li with this Court's Order.  "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (footnote and citations omitted).  Here, Kristy Li was on fair notice regarding what she was required to do and by when;

she chose not to follow this Court's directive requiring her to serve a 6219 Statement with the

Sheriff – forcing Plaintiff to incur attorney's fees and costs seeking a contempt order against her.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff requests that the Court issue an order as sought

in Plaintiff's motion.


Dated:  April 9, 2021


GLADSTEIN, REIF & MEGINNISS, LLP

By:  _____
Michael L. Winston (MW 2607)
Jessica Harris (JH 3134)
39 Broadway, Suite 2430
New York, New York 10006
(212) 228-7727
mwinston@grmny.com
jharris@grmny.com

*Attorneys for Plaintiff*